20 579
87 138

### JOSIAH FISK V. JOHN G. MILLER AND WIFE.

It was held in this case, that pending an injunction against a judgment in an action for the recovery of real property, the party in whose favor the judgment was rendered might maintain an action thereon for the value of the use and occupation since the judgment. But the judgment of the Court below against the injunction was affirmed at the same time.

A former judgment cannot be impeached by simply showing that the witnesses were mistaken or swore falsely; but it must be shown that it was by procurement or connivance of the party.

Where there are several defendants in an action to recover real property, and the plaintiff has judgment against them all, one of the defendants who is in possession, when afterwards sued for the rents and profits, cannot be heard to plead simply that the merits of his title were not adjudicated in the former suit, and claim to have it now adjudicated. The former judgment is conclusive.

Appeal from Travis. Tried below before Robert J. Townes, Esq., appointed by the parties.

At the Fall Term, 1852, of Travis District Court, on the 30th of September, John G. Miller and Catharine his wife recovered a judgment of specific performance against Hiram B. Hill and Emeline Hill, divesting the title to three lots in the city of Austin out of the said Hiram B. and Emeline Hill, and vesting it in the said Catharine Miller; and also against Josiah Fisk for the recovery of said lots and the possession thereof. Fisk prosecuted a writ of error, and the judgment was affirmed at Austin, 1854. On the 25th of May, 1855, Fisk obtained an injunction against said judgment; but the same was dissolved at the next Term, to wit: on the 30th May, 1855. Fisk again appealed, and said appeal was still undecided.

On the 20th of October, 1855, Miller and wife brought this suit to recover from Fisk the value of the use and occupation of the premises from the date of the judgment of 1852. The petition pleaded that judgment as the ground of plaintiffs' right to recover.

Defendant pleaded his original title, and alleged that it had not been adjudicated in the former suit; and pleaded that the said judgment had been obtained by fraud in this, that James S.

Mayfield, a witness in behalf of the plaintiffs, testified that, as the agent of one of the plaintiffs, he rented said premises to George B. McClusky; but the fact was that this defendant rented the same to said McClusky, and the said plaintiff never had the possession of said premises; that in consequence of said fraud having been practised upon the Court and jury, the said verdict and judgment mentioned in the plaintiffs' petition were rendered, and the Supreme Court, being misled by the fraudulent impression that the plaintiffs had been in the possession of said lots and premises, affirmed the judgment, which would not otherwise have been affirmed, as will appear by a certified copy of the Opinion of said Court, here to the Court shown.

Verdict and judgment for the plaintiffs, July 24th, 1856, for value of the use and occupation of the premises for three years and ten months, at $100 per year, making the aggregate sum of $383 33. Motion for new trial overruled.

Statement of facts to the effect that plaintiff proved the record in the former suit, the record and proceedings of which are in the Supreme Court, and reported in 13 Tex. R. 224; also the execution and writs of possession which had been first arrested by the supersedeas and writ of error, and secondly by the injunction; also the record and proceedings in the injunction case now pending and undisposed of in the Supreme Court; also the value of the rent, the witnesses varying from $80 to $160 per annum. The records referred to were not set out, nor their contents stated. For the ground of the injunction, which was decided at same time by this Court, see the next preceding case.

It appeared by bill of exceptions that defendant offered to prove his defence, as alleged, but the evidence was excluded.

*M. H. Bowers*, for appellant, argued that plaintiffs could not maintain an action for the rents and profits until they had recovered the actual possession, either by the permission of the defendant or the execution of the writ of possession; (7 Conn. R. 36; 2 Greenl. Ev. Sec. 334; Bull. N. S. 87;) that the suit which is to determine to whom the property belongs is still pending; that the Court ought to have inquired whether the merits of the defendant's title had been adjudicated in the former suit; (2 Stark. Ev. 223;) that the evidence to prove that the former judgment was obtained by fraud and perjury ought to have been

admitted; and that defendant ought to have been permitted to prove his title to the premises.

*Shelby*, also, for appellant.

*I. A. & G. W. Paschal*, for appellees.

WHEELER, J. The supersedeas obtained upon prosecuting the writ of error, suspended the plaintiff's right of action. But it is not perceived that the injunction had that effect. It prevented the issuance of a writ of possession, but did not necessarily suspend the plaintiff's right of action for the use and occupation of the premises. The judgment remained in full force and effect, though the execution of it was suspended by the injunction.

The judgment in the action of trespass to try title was conclusive evidence of the plaintiff's title and the defendant's possession; and the evidence of title offered by the defendant was therefore rightly excluded. (2 Greenl. Ev. 333; Adams on Eject. 455, n. (1), 4th edit.)

The evidence offered to prove that the judgment was obtained by fraud, went merely to show that the witnesses who testified upon the former trial were mistaken, or did not speak the truth. It was not evidence of fraud in the plaintiff in obtaining the judgment, and was rightly excluded. The defendant might have disproved the statements of those witnesses, or impeached their testimony upon the trial; but he could not afterwards make their mistakes, or even falsity, a ground of impeaching the judgment, unless he could show that it was by the procurement or connivance of the plaintiffs. The plaintiffs' title was put directly in issue by the defendant's answer in the former suit. It was the material and traversable matter in issue between these parties in that suit; and the judgment upon it is conclusive of that question in this suit. (1 Greenl. Ev. Sec. 528, *et seq.*) It is not the less so because the defendant failed to produce any evidence of title on his part. Otherwise a party might avoid being concluded by the judgment in any case by withholding his evidence. The record of the judgment conclusively establishes that the title was in issue; and it was not competent for the defendant to impeach and contradict it by the production of parol evidence.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.