### NEWSOM v. STATE.   (No. 6662.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1921. Rehearing Denied Jan. 18, 1922.)

1. Appeal and error ⊜══719(1)—Only fundamental errors apparent on record considered without assignment of errors.

Where no error is assigned, the Court of Civil Appeals is authorized to consider only such errors as are fundamental and apparent on the face of the record.

On Motion for Rehearing.

2. Attorney and client ⊜══54—Verdict in disbarment case need not specifically find fraudulent or dishonorable conduct or malpractice.

Under Rev. St. arts. 325–330, providing for the disbarment of attorneys guilty of fraudulent or dishonorable conduct or malpractice, and prescribing the procedure, it was not necessary for a verdict finding defendant guilty as charged in the complaint to find specifically that defendant was guilty of fraudulent or dishonorable conduct or malpractice.

Appeal from District Court, Gonzales County; M. Kennon, Judge.

Suit by J. B. Newsom against the State. From a judgment of dismissal, plaintiff appeals. Affirmed.

J. B. Newsom, of Houston, in pro. per.

SMITH, J. On January 25, 1904, a judgment was rendered in the district court of Gonzales county adjudging appellant guilty of "fraudulent and dishonorable conduct and malpractice," revoking his license to practice law, and disbarring him from practicing his profession in the courts of the state. The judgment was based upon the verdict of a jury. No appeal was taken from this judgment. On June 22, 1921, appellant filed a suit in the same court to set aside the former judgment. A general demurrer to the petition was sustained, the plaintiff declined to amend, the suit was dismissed, and this appeal is from the judgment of dismissal.

No assignments of error were filed in the trial court, and none are contained in appellant's brief, appellant being content to simply assert, as a proposition following a meagre statement of the nature and result of the suit, that—

"A judgment void upon its face is subject to an attack at any time, regardless of the statute of limitation."

This proposition is followed by no statement, except a reference to the judgment sought to be set aside.

[1] No error being assigned, this court is authorized to consider only such errors as may be fundamental and apparent upon the face of the record. If the general demurrer was improperly sustained, that would be such an error as could be here considered. But we have carefully examined the petition, and are quite clear that the general demurrer thereto was properly sustained. This conclusion leaves nothing else to be considered, and the judgment of the trial court must be affirmed.

Affirmed.

### On Motion for Rehearing.

[2] Appellant grounds his complaint, both in his brief and in his motion for rehearing, upon the contention that the judgment by which he was disbarred is void upon its face, in that it appears from the record that there was no affirmative finding by the jury that he was guilty of fraudulent or dishonorable conduct or malpractice, and that such affirmative finding was essential to a judgment of

---

⊜══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

disbarment. In deference to appellant's apparent earnestness of belief in his contention, we will briefly discuss the matter.

The statutes (Rev. St. art. 325 et seq.) provide the method of procedure under which an attorney may be disbarred. It is there provided (article 325) that—

"Any attorney at law who shall be guilty of any fraudulent or dishonorable conduct, or of any malpractice, * * * may be suspended, or his license may be revoked by the district court," etc.

In article 326 it is provided that, if complaint be made to the district court by a practicing attorney, etc., of such conduct or malpractice, such court shall order the offending attorney to be cited to show cause why his license should not be suspended or revoked, and articles 327, 328, and 329 provide the method by which complaint is made, service had, and trial conducted. All these articles appear to have been strictly complied with in this case. It is then provided in article 330:

"If the attorney be found guilty * * * the said court, by proper order entered on the minutes, may * * * revoke it [his license] entirely."

In this case the verdict of the jury, under appropriate instructions, was that "We, the jury, find the defendant guilty as charged in the complaint," and judgment was thereupon rendered and entered in the minutes entirely revoking appellant's license. It will be observed that there is no requirement that the jury specifically find the defendant guilty of fraudulent of dishonorable conduct or malpractice. In article 329 it is provided simply that the case shall be tried by a jury "in like manner as other cases," and in article 330 it is provided that, if the attorney be found "guilty," the court shall enter judgment thereon, revoking or suspending the license. That procedure was precisely followed in all respects in this case.

The motion for rehearing is overruled.