S. F. HOUTCHENS v. JAMES E. MERCER, DISTRICT JUDGE.

No. 5683.   Decided June 25, 1930.
(29 S. W., 2d Series, 1031.)

*Simpson, Collins & Moore* and *Leo Brewster,* for relator.

An appeal is allowed from all final judgments (Rev. Stats., Art. 2249) including those disbarring an attorney. (Scott v. State, 86 Texas, 321, 24 S. W., 789; Houtchens v. Mercer, 119 Texas, 244.)

Authority is given by statute to supersede or suspend all final judgments pending appeal. Rev. Stats., Arts. 2270, 2275. And this whether the judgment is self-executing, or requires process for its enforcement. Williams v. Pouns, 48 Texas, 141; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 2 S. W., 199; Lee v. Brooks, 111 S. W., 778; Waters-Pierce Oil Co. v. State, 106 S. W., 326; Haley v. Walker, 141 S. W., 166; Aetna Club v. Jackson, 187 S. W., 971; Yett v. Cook, 268 S. W., 715; Lawler v. Wray, 8 S. W., (2d) 524; Clay v. Richardson, 9 S. W., (2d) 413.

When the amount of the supersedeas bond cannot be determined by the statute it becomes the duty of the trial court to fix the amount of such bond in a reasonable amount. Waters-Pierce Oil Co. v. State, 106 S. W., 326; Haley v. Walker, 141 S. W., 166; Aetna Club v. Jackson, 187 S. W., 971; Lawler v. Wray, 8 S. W., (2d) 524.

This court has authority by the issuance of writ of mandamus to require the trial court to allow the filing of supersedeas bond in the instant case, and to set the amount of such bond in a reasonable amount.

*Wm. R. Watkins, Frank Ogilvie* and *Julian Martin,* for respondent.

The question of the right of an attorney to continue to practice after an order of disbarment has been entered, pending appeal, by giving a supersedeas bond, has not been passed upon by this Court. The rule is uniform in other jurisdictions, however, where the question has been presented. 6 C. J. 611–12; Walls v. Palmer, 64 Ind., 493; McMath v. Manns, etc., Co., 15 S. W., (Ky.) 879; Bird v. Gilbert, 19 Pac., 924; Tyler v. Presley, 13 Pac., 856; Lincoln v. Superior Court, 271 Pac., 1107; In re Graves, 216 Pac., 386; State ex rel. Martin v. Poindexter, 86 Pac., 176.

"An appeal from a purely prohibitive injunction does not suspend such judgment, though a bond be given conforming in all respects to a supersedeas bond. State ex rel. Gibson v. Superior Court, 39 Wash., 115, 80 Pac., 1108, 1 L. R. A., (N. S.) 554, 109 Am. St. Rep., 862, 4 Ann. Cas., 229; Union Sawmill Co. v. Felsenthal, 84 Ark., 106; Fort Worth St. Ry. Co. v. Rosedale St. Ry. Co., 7 S. W., 381, 383; Barnes v. Typ-Union, 232 Ill., 402, 82 N. E., 932, 14 L. R. A., (N. S.) 1155, 122 Am. St. Rep., 129; Powhattan Coal Co. v. Ritz, 60 W. Va., 395, 56 S. E., 257, 9 L. R. A., (N. S.) 1233; Sheridan v. Reese, 121 La., 226, 46 South., 218; Lindsay v. Dist. Co., 75 Iowa, 509, 39 N. W., 817; Smith v. Tel. Co., 83 Ky., 269; Central Union v. State, 110 Ind., 203, 10 N. E., 922, 12 N. E., 136; Hawkins v. State, 126 Ind., 294, 26 N. E., 43; Cole v. Edwards, 104 Iowa, 373, 83 N. W., 863; Wilkinson v. Dunkley, 141 Mich., 409; 2 Cyc., 913; 22 Cyc., 1010. The decisions of the Federal Court uniformly hold that an appeal upon a supersedeas bond from a merely prohibitory injunction does not suspend the judgment. Hovey v. McDonald, 109 U. S., 161, 3 Sup. Ct., 136, 27 L. ed., 891; Leonard v. Ozark Land Co., 115 U. S., 468, 6 Sup. Ct., 127, 29 L. ed., 445; Knox v. Harshman, 132 U. S., 14, 10 Sup. Ct., 8, 33 L. ed., 249.

When the conclusion is reached, as it must be under the decisions cited from this and other jurisdictions, that the order of disbarment is self executing and as such cannot be superseded, the court will have no difficulty in denying the application.

The inapplicability of the statutes and rules relied on by the relator here is further evidenced by the fact that there is no provision anywhere in the statutes, no clue in the decisions, and no logic in his reasoning, from which it can be said a bond could be made, conditioned to meet the peculiar circumstances of this matter. To whom would such a bond be made payable, and what would be its conditions? A judgment of affirmance, surely could not result in the relator's being compelled to "perform it." There is nothing for him to do. What damages would be sustained by anyone that could be made recoverable under a bond in this sort of case? Surely it could not be said relator would, if the judgment be affirmed, pay damaged suitors in cases in which he should be guilty of further unethical conduct. Surely he does not mean to say that he can or should be permitted to, in effect, give surety for his good behavior pending the appeal. The bonding of a lawyer's fidelity is universally condemned. How much more intolerable it would be to bond the fidelity of one whose sacred oath, under the presumptions that

must be indulged here, has been so flagrantly violated. Surely, the giving of a supersedeas bond involves more than a mere formality, something of a substantial nature and something that is of benefit to both parties to it.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an original petition for mandamus instituted in the Supreme Court by S. F. Houtchens, Relator, against the Honorable James E. Mercer, Judge of the 67th Judicial District Court of Tarrant County, Texas, Respondent, seeking to compel the Respondent to fix the amount of a supersedeas bond in a certain case now pending on appeal in the Court of Civil Appeals at Fort Worth.

It is disclosed by the record that Relator was an attorney at law, duly licensed under the laws of Texas and engaged in the practice of his profession in this State and having been so engaged for a number of years when the events leading up to the institution of this proceeding transpired.

On January 11th, 1930, disbarment proceedings against Relator were instituted in the 67th. District Court of Tarrant County, Texas, the county in which Relator resided. The case was duly tried in that court and on February 22nd, 1930, final judgment was entered revoking Relator's license as an attorney, and this judgment was made immediately effective. After motion for a new trial had been overruled the case was duly appealed by the Relator to the Court of Civil Appeals at Fort Worth. After perfecting his appeal Relator applied to Judge Mercer, Judge of the District Court, where the case was tried, for an order fixing the amount of the supersedeas bond in such appeal, which order Judge Mercer refused to make, and refused to allow such bond to be filed. This action and ruling is based upon the holding that the statutes of this State allowing judgments to be superseded by filing supersedeas bonds have no application to this character of proceeding.

After the trial court had refused to fix the amount of the supersedeas bond, as above shown, Relator filed in the Supreme Court an original motion for leave to file a petition for mandamus against the Respndent, Judge Mercer, to compel him to grant to Relator the right to file a good and sufficient supersedeas bond and to require the Respondent to fix the amount thereof. The Supreme Court considered this application, and on May 7th, 1930, in an opinion de-

livered by Chief Justice Cureton, refused permission to file such petition because, as held by the Supreme Court in that opinion, the case was then pending on appeal in the Court of Civil Appeals, and that court had full power and authority to grant and enforce all proper and lawful relief in the premises. In refusing the application to file this first petition for mandamus Judge Cureton, among other things, said:

"We have examined the petition for mandamus in this case, and the accompanying exhibits, and we see no reason why the relief, if any, to which the Relator is entitled may not be had as expeditiously and as effectively in the Court of Civil Appeals as in this Court. We must, accordingly, decline to take jurisdiction of the application for mandamus. The motion for leave to file is overruled, without prejudice, however, to the Relator's right to apply to the Court of Civil Appeals for such relief, if any, to which he may be entitled; and also without prejudice to his right, when he brings himself within the rule, to again apply to this Court for such relief, if any, to which he may then be entitled, and which may have been denied him.

"Relator will be permitted to withdraw the exhibits accompanying his motion for leave to file, if he so desires."

After the events above stated had transpired the Relator presented his application to the Court of Civil Appeals at Fort Worth where the appeal is pending, praying for the same relief originally sought in the Supreme Court. The Court of Civil Appeals heard and considered such application, and in an opinion by Associate Justice Buck, refused the same, holding, in effect, the same as the trial judge. Relator here again presents his petition to the Supreme Court seeking the same relief that he sought before the Court of Civil Appeals, and that he sought in his first application to this court, but now making known to this court the fact that he has attempted to get the relief here sought from the Court of Civil Appeals, and that such relief has been denied by that court.

Among the papers of this record we find the following instrument or agreement:

"Now come the relator and respondent in the above styled cause through their attorneys of record and enter into the following agreement in the above styled cause:

"Attorneys for the respondent hereby waive the issuance and service of notice of the filing of motion of relator requesting leave to file original application for writ of mandamus in the Supreme

Court and hereby waive issuance and notice on the relator's application for writ of mandamus in the event relator is allowed by said Court to file the same for consideration of the Supreme Court, and agree that said cause may be set down and heard at any time to suit the convenience of the Supreme Court of the State of Texas.

"Relator and respondent, through their said counsel, further agree that said cause may be considered as submitted immediately and agree to argue orally relator's application for writ of mandamus at any time to suit the convenience of the Supreme Court in the event the Court desires oral argument.

"Relator and respondent further agree, through their said counsel, to be bound by the decision and opinion rendered by the Supreme Court of the State of Texas upon original submission of the motion of relator to be allowed to file the original application for writ of mandamus and in the event relator is allowed to file the same the opinion and decision of the Supreme Court rendered upon said application for writ of mandamus, and agree hereby not to file motion for rehearing in said cause regardless of the decision of the Supreme Court in such matter, and agree that the opinion and decision rendered by the Supreme Court on original submission shall be the final judgment and decree of the Court in such matter."

Under the above record and agreement we hold that it is now proper for the Supreme Court to decide this case upon its merits and finally grant or refuse the relief sought as this court may determine.

The one and only question necessary to be here decided is whether the laws of this State allowing final judgments to be superseded or suspended on appeal by filing a good and sufficient supersedeas bond under the terms of the statute, in an amount fixed by the trial court, have application to a proceeding to disbar an attorney of this State in the way and manner prescribed by R. C. S. of Texas, 1925, Article 313, et seq.

We copy the following articles of our statute which have reference to disbarment proceedings:

Art. 313. "Disbarment.—Any attorney at law who shall be guilty of barratry or any fraudulent or dishonorable conduct or malpractice, may be suspended from practice, or his license may be revoked by the district court of the county in which such attorney resides or where the act complained of occurred, regardless of the fact that such act may constitute an offense under the Penal Code of Texas, and regardless of whether he is being prosecuted or has been convicted for the violation of such penal provision."

Art. 314. "Complaint.—The judge of any court, a practicing attorney, a county commissioner or justice of the peace may file with the clerk of the district court a sworn complaint of fraudulent or dishonorable conduct or malpractice on the part of any attorney at law."

Art. 315. "Citation to issue.—Upon the filing of such complaint, or upon its own observance of such conduct, such district court shall order the attorney to be cited to show cause why his license shall not be suspended or revoked. If the citation be ordered upon the observation of the court, the charge and the grounds thereof shall be set out distinctly in the order of the court. Such citation shall be served upon defendant at least five days before the trial day."

Art. 316. "Trial.—Upon the return of said citation executed, if the defendant appear and deny the charge, the cause shall be docketed for trial and conducted in the name of the State of Texas against the defendant. The county or district attorney shall represent the State. A jury of twelve men shall be impaneled, unless waived by the defendant. If the attorney be found guilty, or if he fail to appear and deny the charge after being duly cited, the said court, by proper order entered on the minutes, may suspend his license for a time, or revoke it entirely, and may also give proper judgment for costs."

We also copy the following articles of our Revised Civil Statutes, 1925, relating to the right of appeal, suspending judgments on appeals by supersedeas and the effect of supersedeas bonds:

Art. 2249. "To Court of Civil Appeals.—An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

Art. 2270. "Supersedeas Bond.—An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court

or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

Art. 2275. "Judgments Stayed.—Upon the filing of a proper supersedeas bond, the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."

It is settled in Texas that a proceeding to disbar an attorney is a civil case, and that such attorney has an absolute right of appeal to the Court of Civil Appeals from a final judgment of disbarment. In regard to this matter we quote from Judge Cureton's opinion in this case on the first application for mandamus. (The opinion is not yet published.)

"We regard the law as settled in this State that proceedings to suspend or disbar an attorney are of a civil nature, and that from the judgment of disbarment the attorney has a right of appeal to the Court of Civil Appeals. Texas Jurisprudence, Vol. 5, page 418, sec. 17; Scott v. State, 86 Texas, 321; see also Newsom v. State, 236 S. W., 228; Lotto v. State, 208 S. W., 563.

It seems to us that if a proceeding to disbar an attorney is a civil action, and the attorney has the absolute right of appeal to the Court of Civil Appeals from a final judgment of disbarment that it follows from the very wording of our statutes, and the construction placed thereon by our courts, that an attorney who has been disbarred by final judgment of a district court, has the right to supersede or suspend such judgment by filing a supersedeas bond. We find no adjudicated case in this State directly deciding this question, but we think the following authorities support this holding in principle. McDowell v. Hightower, 111 Texas, 585, 242 S. W., 753; Williams v. Pouns, 48 Texas, 141; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 2 S. W., 199, 68 Texas, 98; Lee v. Brooks, 51 Texas Civ. App., 344, 111 S. W., 778 (Writ of Error Refused); Waters Pierce Oil Co. v. State, 107 Texas, 1, 106 S. W., 326; Haley v. Walker, 141 S. W., 166 (Civ. App.); Aetna Club v. Jackson, 187 S. W., 971 (Civ. App.); Yett v. Cook, 115 Texas, 175, 268 S. W., 715; Lawler v. Wray, 8 S. W., (2d) 524, (Civ. App.); Clay v. Richardson, 9 S. W., (2d) 413 (Civ. App. Writ of error refused); Texas Jurisprudence, Vol. 3, p. 375, sec. 267, et seq., Id. p. 387, Sec. 267. We also cite the following cases holding that where an appellant is entitled to suspend a judg-

ment pending appeal and the judgment is not for a specific amount the appellant has the right to have the court fix the supersedeas bond in a reasonable amount. Waters Pierce Oil Co. v. State, 107 Texas, 1, 106 S. W., 326; Haley v. Walker, 141 S. W., 166; Aetna Club v. Jackson, 187 S. W., 971; Lawler v. Wray, 8 S. W., (2d) 524.

In McDowell v. Hightower it is shown that in a suit in the district court at Beaumont a judgment was entered removing T. H. Garner from the office of sheriff of Jefferson County and suspending him from office pending appeal. Garner appealed from this judgment to the Court of Civil Appeals by giving notice of appeal and filing a supersedeas bond. The Court of Civil Appeals thereafter on petition of T. H. Garner granted and issued an injunction restraining the judge of the district court from interfering pending the appeal with Garner's discharge of the duties of sheriff of Jefferson County. The District Judge presented to the Supreme Court a motion for leave to file a petition for a peremptory mandamus requiring the Justices of the Court of Civil Appeals to vacate and annul the injunction, which the Relator claimed unlawfully prevented him from performing his duty under Article 6049 of the 1911 statutes. In passing on Garner's right to supersede the judgment of removal by filing supersedeas bond the Supreme Court speaking through Associate Justice Greenwood, said:

"The statutes provide that all proceedings in a suit for the removal of a sheriff be conducted as in an ordinary civil case, as far as possible, and that either party may appeal from the final judgment as in other civil cases. The effect of an appeal in a removal suit, as in any civil case, is to confer jurisdiction on the court to which the appeal is returnable over the parties and subject-matter. Such jurisdiction is ample to protect and enforce every right accruing to a party by reason of his perfecting an appeal under supersedeas bond."

In Williams v. Pouns, supra, it is shown that suit was brought originally to enjoin the sale of a piece of property under a deed of trust. The injunction was first granted, but upon final hearing was dissolved. Williams appealed from the final judgment of the trial court dissolving the temporary writ of injunction, and denying a permanent injunction, and entered into a supersedeas bond. The judgment dissolving the injunction would be self-executed. In passing upon this case the Court said:

"The vital question to be decided in this case is,—Does an appeal from a final judgment dissolving the injunction and dismissing the

bill, where the condition of the appeal bond is that appellant will prosecute the appeal with effect, and perform the judgment, sentence, or decree of the Superior Court in case the decision of said court shall be against the appellant, (Paschal's Dig. art. 1491), keep the injunction in force during the pendency of the appeal?

"It is not to be denied, that in England, and a majority, perhaps, of the States, it is well settled, that an appeal from the judgment dissolving the injunction will not have this effect. 'An appeal,' says Mr. High, in his work on Injunctions (sec. 893) 'from a decree dissolving an injunction does not have the effect of reviving and continuing the injunction itself, since the process of the court, when once discharged, can only be revived by a new exercise of judicial power. An appeal being merely the act of the party, cannot, of itself, affect the validity of the order of the court; nor can it give new life and force to an injunction which the court has decreed no longer exists. It follows, therefore, that an appeal from a decree dissolving an injunction which had been granted to stay proceedings under an execution at law, cannot have the effect of reviving the injunction, so as to operate as a stay of the proceedings at law; and the plaintiff in execution may proceed to enforce his judgment, notwithstanding the appeal.' (Wood v. Dwight, 7 Johns., Ch. 295; Hoyt v. Gelston, 13 Johns., 139; Chegary v. Scofield, 1 Halst., Ch. 525; Garrow v. Carpenter, 4 Stew. & Port., 336.)

"The contrary doctrine is maintained by the courts of Kentucky, Virginia, and Mississippi. (Yocum v. Moore, 4 Bibb, 221; Turner v. Scott, 5 Rand., 332; Penrice v. Wallis, 37 Miss., 172.) And although the question has never been directly ruled upon by this court, we think it has been generally recognized by the legal profession, and the courts throughout the State, ever since the organization of our judicial system, that the appeal has this effect with us (Fisk v. Miller, 20 Texas, 579.) To hold that the appeal would not suspend the decree dissolving the injunction during its pendency in this court, would require an exception to a general rule, as to the effect of appeals upon the judgments of inferior courts, for which we can see no good reason."

In Gulf, C. & S. F. Ry. Co. v. Ft. Worth, etc., supra, opinion by Judge Gaines, the Supreme Court approved the opinion in Williams v. Pouns, and said:

"The legal question raised by the second objection to this proceeding, as stated above, has, we think, been settled in the case of Williams v. Pouns, 48 Texas, 144. This decision recognizes the

conflict of authority in other states; but holds that, under our statute, when an injunction is dissolved in a final judgment, and an appeal is prosecuted by giving a supersedeas bond, the dissolution is suspended, and the injunction is continued in force by the appeal. We are not aware that the correctness of this decision has ever been questioned in the courts of this state, and we think the principle decided strictly applicable to the case before us. It follows from what we have said that we are of opinion that the jurisdiction of this court has attached by reason of the appeal from the judgment of the court below; that the injunction is still in force; and that it is the duty of this court to enforce obedience to its mandates."

In Lee v. Broocks, supra, it is shown that suit was originally brought to enjoin the sale of certain property under a writ of execution; a temporary injunction was granted and thereafter on motion of the defendant dissolved. The plaintiff in the case then gave notice of appeal and filed simply an appeal bond. In this case the court held that an order dissolving an injunction was not suspended by an appeal under a cost bond, but that if a supersedeas bond has been filed the judgment of the court would have been suspended.

In Waters Pierce Oil Co. v. State, supra, it is shown that suit was instituted by the State for the purpose, among others, of having a receiver appointed for the Oil Company. A receiver was appointed by the trial court, and the Oil Company gave notice of appeal, and filed supersedeas bond in form and manner prescribed by the statute. On appeal to the Court of Civil Appeals that court affirmed the judgment of the district court, and the company sued out writ of error to the Supreme Court which was granted. After the case was affirmed by the Court of Civil Appeals the clerk of that court issued its mandate, and the company applied to the Supreme Court for a recall of this mandate pending final determination of the case in the Supreme Court, the company taking the position that the supersedeas bond originally entered into by it, superseded the order of the court appointing a receiver until the final determination of the suit. In passing upon this question Judge Brown speaking for the Supreme Court said:

"Upon the motion of the Attorney General, requesting this court to appoint a receiver in this case, it is insisted by counsel that this court has jurisdiction of the matter, because the appeal which was taken from the order appointing the receiver is void; the bond not having been given in double the amount in controversy. It is also claimed that there is no bond prescribed by the statute which will

apply to an appeal from this order. Article 1383, Rev. St., 1895, provides: "An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases." The order in question is a final judgment of the district court, from which an appeal might be taken under the provisions of the above quoted article. If the statute prescribes no bond, then we are of the opinion that the court granting an appeal under this provision of the law might fix the amount of the bond adequate for the protection of the rights of the parties, which the court here did. However, if it were held that this case must rest upon the bond given therein, and that it should be for a sum double the amount of the judgment, the appeal would nôt be void, because the bond could have been amended upon objection made in the Court of Civil Appeals. The objection not having been made in the Court of Civil Appeals as to the amount of the bond, nor any effort made to dismiss the appeal on that account, the objection comes too late in this proceeding. The effect of the appeal, when perfected, is prescribed by article 1404, Rev. St. 1895, in these words: "Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving, instead of the bond or affidavit in lieu thereof, mentioned in the four preceding articles, or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him." This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal. It only needs to be said that the law applies to this case, and the enforcement of the order appointing the receiver was suspended by the appeal. Williams v. Pouns, 48 Texas, 141; Street Ry. Co. v. Street Ry. Co., 68 Texas, 163, 7 S. W., 381; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Texas, 98, 2 S. W., 199, 3 S. W., 564; Griffin v. Wakelee, 42 Texas, 513; Stone v. Spillman's Adm'x, 16 Texas, 432; Beach on Receivers, p. 117."

In the case of Haley v. Walker, supra, it is shown that Walker was perpetually enjoined from taking possession of certain land and

commanded to do certain other things. Also the judgment enjoined Walker from erecting a fence on this land. Walker appealed from the decision of the court and entered into a supersedeas bond in an amount fixed by the court. While the case was pending in the Court of Civil Appeals Haley applied to that court for an order finding Walker guilty of contempt for refusing to obey the order of the district court. Walker answered contending that the final judgment and injunction granted by the district court had been suspended and superseded by reason of the execution and filing by him of the supersedeas bond in the trial court. The Court of Civil Appeals in an opinion by Judge Peticolas, denied the application and held:

"And as we read the decision by the holding of our Supreme Court in the case of Waters-Pierce Oil Company v. State, 106 S. W., 330, where, in determining whether the appointment of a receiver could be made effective pending an appeal with supersedeas, Judge Brown holds that the supersedeas stays the judgment appointing the receiver, quotes the statute referred to, and continues as follows: "This is plain language that cannot be misconstrued, because its meaning is as definite as could be expressed to the effect that when the appellant, or plaintiff in error, complies with the law, the judgment cannot be enforced during the pendency of the appeal."

"It is this particular reasoning that brings us to the result we arrive at in this case. In other words, the statute has said in so many words that on an appeal from a final hearing the giving of a supersedeas bond shall suspend the judgment. It is not, to our minds, a question of whether it is a politic rule of law, or whether to hold that the judgment was not suspended might be more effective in some cases, but simply a question of what is the law.

"The case at bar was final hearing on the merits; it was regularly appealed, with a supersedeas bond; the judgment granted the relator a mandatory injunction and, to some extent, a prohibitive injunction; and, with the statute plainly providing that on an appeal from a final hearing on the merits the judgment shall be suspended, we are unable to do anything but hold that the judgment is suspended."

In Aetna Club v. Jackson, supra, it is shown that suit was instituted in the district court to restrain the operation of the Aetna Club on the ground that liquor was being sold therein in violation of law. The district court issued a temporary injunction, and upon final hearing said order was made final and perpetual. The club gave notice of appeal and requested the district court to fix the amount of the supersedeas bond in order that it might file such a bond suspend-

ing the judgment pending the appeal. The Court refused to enter the order or to fix the amount of the supersedeas bond, and the club brought an original application for writ of mandamus in the Court of Civil Appeals to require the district court to allow the defendant to enter into a supersedeas bond and to fix the amount thereof. It will be seen that this case presents a judgment that was purely prohibitory and self-executing. The Court of Civil Appeals granted the application for the writ of mandamus, and in so doing held:

"It will be noted that the first quoted statute provides for an appeal from all final judgments, and that the latter provides for suspending the enforcement of all final judgments. Respondent urges that the latter statute does not apply to prohibitory injunctions, and that it was a matter within the discretion of the trial court to allow or refuse to permit the suspension of the judgment pending appeal. Cases outside of Texas support this contention of the respondent, but we have found none in Texas which support it. But, on the other hand, the Legislature of this State has provided a way for an appeal "from all final judgments in civil cases," and when appellant or plaintiff in error complies with the statutes, the trial court has no say, discretionary or otherwise. The Supreme Court in Waters-Pierce Oil Co. v. State, 106 S. W., p. 330 (several cases cited therein,) in passing upon the latter statute quoted above, said:

"This is plain language that cannot be construed, because its meaning is as definite as could be expressed, to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal."

"That latter statute quoted provides for the amount of the bond in cases of moneyed judgment, and the next statute provides for the amount of bonds in cases of judgments for lands, but does not provide an amount in any other case, so we come now to the real question and object of the application, How is the amount of the bond to be determined? Unless it is the duty of the trial court to fix it, clearly, the writ prayed for, will not issue. Where there is a right there must be a remedy. We having concluded that the statutes give the right to appeal from and the right to supersede all final judgments in civil cases by a compliance with the law, we must look for a way for appellants to comply with the law. The appellate courts of this state have declared in many cases that where the statute prescribes no bond, then it is proper and necessary for the court to

fix the bond. Hill v. Halliburton, 32 Texas Civ. App., 22, 73 S. W., 21. See note 22 L. R. A., (N. S.) 1909, p. 316. The principle of judicial discretion does not apply in this sort of case. It was therefore the duty of respondent to fix the amount of the bond to be given upon appeal, and it is the duty of the clerk to approve same as to the sufficiency of the sureties and then to file it, and the court has no authority to order or direct the clerk to do otherwise.

"For the reason given, the application is granted, and the clerk of this court is directed to issue the writ of mandamus, requiring respondent, Dan M. Jackson, Judge of the Thirty-Fourth District Court of Texas, to fix the amount of the bond for appeal and stay of judgment as prayed for."

A reading of this opinion will disclose that the court held that our statutes relating to supersedeas bonds apply to every final judgment in a civil case. We think this same holding is fully sustained by the opinion of the Supreme Court in the Waters Pierce Oil Company case cited by the court in Aetna Club v. Jackson.

In Yett v. Cook, supra, it is shown that Cook filed a petition in the district court for a mandamus against Yett as Mayor and other officers of the City of Austin to require them to call an election to fill certain offices and for certain other purposes. The case was set for hearing in the district court and a peremptory mandamus granted as prayed for. Cook then filed an application in the same case for temporary injunction requiring Yett et al. to carry out the orders of the Court contained in the writ of mandamus, which was granted. Yett et al. appealed and entered into a supersedeas bond seeking to suspend the judgment of the trial court pending the appeal of the case. Yett et al. then brought an original application in the Supreme Court seeking an order preventing the trial court from enforcing its mandatory injunction pending the appeal. This motion was granted and the Supreme Court in passing on the matter held that the judgment was suspended or superseded again reaffirming the holding in the Waters Pierce Oil Co. case in the following language:

"The effect of a supersedeas was reaffirmed in the case of Waters-Pierce Oil Co. v. State, 107 Texas, 1, 106 S. W., 326. The question involved there was not a peremptory writ of mandamus, but whether or not the appointment of a receiver had been suspended by the supersedeas bond upon appeal. This court held that it had been, and, among other things, in an opinion by Justice Brown, after quoting the supersedeas statute, said:

"This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal. It only needs to be said that the law applies to this case, and the enforcement of the order appointing the receiver was suspended by the appeal."

In Lawler v. Wray, supra, it is held:

"The Statute above cited (referring to Article 2270 supra) does not except from its operation any class of judgments. Our Supreme Court, in discussing such statute in the case of Waters-Pierce Oil Co. v. State, 106 S. W., 326, said:

"This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal."

In Clay v. Richardson, supra, it is held:

"The action of the trial court in decreeing that the appellants in the former suit would have the right to suspend the operation of the permanent injunction was equivalent to the rendition of a judgment for debt with stay of execution until the happening of some event; and it is our conclusion that the trial judge had authority to accomplish a similar result by requiring of appellants the bond that was executed by them, and also had authority to fix the amount of such bond; and it is to be noted here that the bond was not challenged on the appeal for insufficient amount."

The Court of Civil Appeals seems to base its holding that this judgment cannot be suspended by supersedeas bond on the conclusion that Articles 2270 and 2275, supra, only have application to judgments that require some character of process to enforce them, and not to judgments that are self-executing. We think that under our statute, this holding is erroneous. It is true that the rule announced by the Court of Civil Appeals is the rule in many of the states, but it is not the rule in Texas as established by the authorities we have already cited. In our opinion what is meant by suspending the execution of the judgment under the provisions of Article 2270 is suspending the enforcement or carrying into effect of the judgment. Of course this would include judgments that require the issuance of process to enforce them as well as those that are self-executing.

It is further contended on behalf of the State that the statutes providing for the filing a supersedeas bond cannot apply to this

proceeding because there is no plaintiff to make the bond payable to. We overrule this contention because we hold that the statute expressly makes the state the plaintiff. This is the effect of Article 316 above quoted. This article provides "upon the return of said citation executed; if the defendant appear and deny the charge, the cause shall be docketed for trial and conducted in the name of the State of Texas against the defendant." The effect of this article is to make the State of Texas the plaintiff, and the attorney proceeded against the defendant in a civil action.

It is also contended on behalf of the State that a supersedeas bond should not be allowed in this proceeding because no liability can arise thereon. We find no such condition in the statute. Furthermore liability on the bond could as easily arise as in Yett v. Cook, supra. However, what liability may arise on the bond is not before us.

It follows from what we have said that Relator is entitled to suspend this judgment by filing supersedeas bond, and we therefore recommend that the mandamus issue directing Respondent to fix the amount thereof in a reasonable sum.

The opinion of the Commission of Appeals is· adopted and the mandamus awarded.

<div align="right">

*C. M. Cureton,* Chief Justice.