**Francis Xavier BOSTICK, Appellant,**

**v.**

**Homer GARRISON, Jr., Director of the Department of Public Safety, Appellee.**

No. 13097.

Court of Civil Appeals of Texas.

Galveston.

May 9, 1957.

James R. Gough, Houston, for appellant.

Joe Resweber, County Atty. of Harris County, and Tom P. Smith, Asst. County Atty. of Harris County, Houston, for appellee.

GANNON, Justice.

By his petition Francis Xavier Bostick, plaintiff—who is appellant here—, complained of Homer Garrison, Jr., Director of the Department of Public Safety of the State of Texas, and alleged that, " * * * pursuant to the provisions of Sec. 31 of Article 6687b, Texas Civil Statutes, [he] appeals to the County Court at Law from an order of the Department of Public Safety, dated April 23, 1956 suspending his operator's license (No. 2475189–i n) for a period of six months from March 24, 1956." The petition was filed May 22, 1956.

The appeal or case was tried and determined on July 31, 1956, and resulted in the rendition on that date of the following

decree from which the appeal to this Court is taken:

It is accordingly, ordered, adjudged and decreed that Respondent, Homer Garrison, Jr., Director of the Texas Department of Public Safety, have judgment that the Petitioner, Francis Xavier Bostick, take nothing by this suit, and that his Texas operator's license, No. 2475189–i n, is subject to suspension for a period of six (6) months, that six (6) months to run from March 24, 1956, the original date of suspension, to May 22, 1956, the date of the filing of the petition herein, and from July 31, 1956, the date of the condition (sic) of this judgment until the license shall have been suspended for a total of six (6) months, and that Respondent recover his costs.

In this Court the prayer is that the judgment of the County Court at Law be reversed and rendered for appellant.

 The appeal is on a cost bond only. Appellant made no effort to supersede the judgment of the County Court at Law. The judgment was subject to being superseded. See Rule 364, Subd.(g), Texas Rules of Civil Procedure, providing for supersedeas in appeals such as the present, and reading as follows:

"(g) Where the judgment is in favor of the State, a municipality, a State agency, or a subdivision of the State in its governmental capacity, and is such that the judgment holder has no pecuniary interest in it and no monetary damages can be shown, the bond shall be allowed and its amount fixed within the discretion of the trial court, and the liability of the appellant on the bond shall be for its face amount if the appeal is not prosecuted with effect. The discretion of the trial court in fixing the amount of the bond shall be subject to review. Provided, that under equitable circumstances and for good cause shown by affidavit or otherwise the court rendering judgment on the bond may allow recovery for less than its full face amount.

See also 3–A Tex.Jur., Secs. 344 and 345, and Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103, holding that a judgment of the District Court disbarring an attorney and revoking his license to practice law may be superseded by filing a supersedeas bond.

The six months' suspension period established by the order of the County Court at Law appealed from has long since expired and is now functus officio. The appeal is moot and must be dismissed. Boston v. Garrison, 152 Tex. 253, 256 S.W. 2d 67.

Appeal dismissed.