**Alonzo ALVAREZ et al., Relators,**

v.

**C. Woodrow LAUGHLIN, District Judge, et al., Respondents.**

No. 14112.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 30, 1962.

Hill, King & McKeithan, Mission, Arnulfo Guerra, Roma, for relators.

Glenn Ramey, Rio Grande City, Stafford, Atlas, Schwartz & Gurwitz, McAllen, for respondents.

## PER CURIAM.

This is an original proceeding in this Court to require Hon. C. Woodrow Laughlin, Judge of the 79th District Court of Starr County, Texas, to fix the amount of a supersedeas bond to supersede the judgment in the cause of Mario E. Ramirez et al. v. Virgilio H. Guerra et al., No. 3238, on the docket of the 79th District Court of Starr County, an election contest for the office of School Trustees of the Roma Independent School District of Starr County, in which judgment was rendered in favor of contestants against contestees.

Petitioners herein have applied to the trial judge to fix the amount of a supersedeas bond herein and, after a hearing, he has refused to do so.

■ We conclude that under the provisions of Rule 364(e), T.R.C.P., a losing party has a right to require the trial court to fix the amount of a supersedeas bond in a case in which the judgment "is for other than money or property or foreclosure," unless it is a judgment controlled by some other rule or statute. We know of no other rule or statute which would govern this case.

■ The fact that the respondents may never be able to recover any damages on such a bond does not in any way change the plain provisions of Rule 364(e), supra, which we construe as making it the ministerial duty of the judge to fix the amount of the supersedeas bond in a case of this nature. Ex parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371; Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326.

■ We do not agree with the contention of respondents that this case is now moot and for that reason the petition should be denied. The term of office of the trustees will not expire until April 1, 1963, some four months away. By seeking an advancement of the hearing of this election contest in this Court, we feel that it can be disposed of before the present terms of office expire.

■ The petition for a writ of mandamus will be granted as prayed for, but the writ of mandamus will not be issued out of this Court unless we become convinced that Judge Laughlin does not intend to fix the amount of the supersedeas bond in keeping with this opinion.