**LUMBERMEN'S INSURANCE CORPORATION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 11037.**

Court of Civil Appeals of Texas.

Austin.

Jan. 23, 1963.

Rehearing Denied Feb. 13, 1963.

Henry Klepak, Dallas, for appellant.

Will Wilson, Atty. Gen., Bob E. Shannon, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Justice.

This is an appeal from the 53rd District Court of Travis County, wherein the Attorney General of Texas, representing the State Board of Insurance, through a proceeding in quo warranto alleged that the appellant in this case, hereinafter referred to as Lumbermen's, was insolvent and asked for certain injunctive relief, the appointment of a temporary receiver, and ultimately the cancellation of Lumbermen's charter.

On March 12, 1962, the court issued a temporary restraining order, restraining Lumbermen's from engaging in the insurance business and appointing a temporary receiver. On March 22, 1962, after a hearing, the temporary receivership was continued and a temporary injunction entered enjoining Lumbermen's from engaging in the insurance business.

The hearing to make the injunction and receivership permanent was held on the 8th and 9th of June, 1962, after which the-

court found Lumbermen's to be insolvent, that its liabilities exceeded its assets, that Lumbermen's acted in violation of the laws of the State of Texas in investing its funds in the stock of a corporation which has not been in existence for five years, that the condition of the company was such so as to render the continuation of its business hazardous to the public. The Court further ordered that the receivership be made permanent, entered a permanent injunction which forbade Lumbermen's from engaging in the insurance business in Texas, and cancelled its charter and right to do business in Texas. In each of the above proceedings the receiver appointed by the Court was C. H. Langdeau, the Liquidator for the State Board of Insurance.

Lumbermen's has appealed to this Court assigning as error (1) the finding that the liabilities of the corporation exceeded its assets, (2) that the corporation violated the laws of the State of Texas by investing its funds in the stock of a corporation which had not been in existence for a period of five years, (3) that a continuation of the corporation's business would be hazardous to the public, (4) that the corporation was insolvent and in need of a permanent receiver, (5) that the Court erred in denying Lumbermen's request to set the amount of the supersedeas bond so that the action and powers of the receiver could be suspended during the pendency of this appeal, (6) that the Court erred in denying Lumbermen's motion for reasonable attorney's fees out of the funds held by the receiver so that the appellant could prosecute its appeal without undue burden.

■ Lumbermen's is a domestic stock fire and casualty insurance company organized and operating under the provisions of the laws of the State of Texas. The corporation holds a certificate of authority from the State Board of Insurance, authorizing it to engage in the fire and casualty insurance business. The home office

of the company is in Lufkin, Texas and the executive office is located in Dallas. Its president and principal managing officer is James D. Owens. It is not necessary, for the purpose of this appeal, to set out the tortuous process by which Owens acquired Lumbermen's, suffice to say that when the receiver audited Lumbermen's books he found that the book value of the company was $734,032.95 and that its liabilities were $1,347,422.43. The audit also showed that Lumbermen's had purchased 9000 shares of stock in a certain T. A. Manning Company and claimed the value of these shares to be $969,000. Lumbermen's carried the claimed value of this T. A. Manning stock on its books as an asset which, if allowed by the receiver, would have made the book value of the company greater than its liabilities. The receiver, however, disallowed the value of the Manning stock in toto under the provision of Article 2.10(5) of the Insurance Code, V.A.T.S. authorizing investments:

"5. In the stocks, bonds, debentures, bills of exchange or other commercial notes or bills and securities of any solvent dividend paying corporation at time of purchase, incorporated under the laws of this State, or of any other State of the United States, *which has not defaulted in the payment of any of its obligations for a period of five (5) years, immediately preceding the date of the investment.*" (Emphasis added)

We hold that the action of the Trial Court in disallowing the value of the T. A. Manning Company stock as an asset of Lumbermen's was correct. There is no dispute over the fact that the T. A. Manning Company had not been in existence for a period of five years preceding the investment. In Kansas City Title Insurance Co. v. Butler, Tex.Civ.App., 265 S.W.2d 154, error refused, n. r. e., this Court held with reference to the five year provision of former Article 3.39(4) of the Code [1] which

---

[1] "May invest its capital, surplus and contingency funds over and above the amount

of its policy reserves in the capital stock, bonds, bills of exchange, or other com-

is virtually verbatim with present Article 2.10(5) of the Code:

"[W]hen we examine the statutes with reference to investments by life insurance companies we find that no investment may be made by such companies in the capital stock of a private corporation unless such corporation is solvent, *has been in existence for five years next preceding such investment* and has not defaulted in the payment of a debt during such time. Sec. 4, Art. 3.39, Insurance Code.

"The Title Building Company not having been in existence five years when appellant invested in its stock such stock was not admissible as an investment for life insurance companies and hence could not have been admissible as an investment by title insurance companies under Arts. 9.07 and 9.11, supra." (Emphasis added)

Lumbermen's is not a life insurance company, however Article 2.10(5) of the Code is a reenactment of former Article 4706 R.C.S. The five year provision was written into Article 4706 by a statute passed in 1941 (S.B. 82, Acts of the 47th Leg., R.S., p. 564).

Soon after this statute was passed, the then Chairman of the State Board of Insurance Commissioners asked the Attorney General to define the five year provision requirement in Article 4706, subdivision (d) as amended in 1941, and on July 7, 1942, the Attorney General in opinion No. 0–4295A answered as follows:

"The 1941 amendment to Article 4706 therefore *requires* in addition to solvency and dividend payments *a five year period of corporate existence* during which the corporation has paid all of its obligations before the stock or commercial paper of such corporation shall be eligible as a source of invest-

mercial notes or bills and securities of any solvent corporation which has not defaulted in the payment of any debt

ment for funds of fire and casualty insurance companies over and above their paid-up capital stock." (Emphasis added)

■ This being the construction that was given to Article 4706, such construction was continued when that article was reenacted without substantial change as part of the present Insurance Code. This holds true even though the construction was made by an executive officer other than a court. See 39 Tex.Jur., 266–268.

Since the receiver correctly disallowed the T. A. Manning Company stock as an asset of Lumbermen's, the record clearly shows that the liabilities of the company greatly exceeded its lawful assets and the Trial Court correctly found that Lumbermen's was insolvent, in need of a permanent receiver and that a continuation of the corporation's business would be hazardous to the public.

■ The Texas Insurance Code empowers the Court to appoint the statutory liquidator as receiver to take charge of the assets of the company and proceed with the company as the Court may direct:

"Whenever under the laws of this State a court of competent jurisdiction finds that a receiver should take charge of the assets of an insurer domiciled in this state * * *" Art. 21.28, Section 2(a).

The action of the Attorney General in behalf of the Board of Insurance was correct, John L. Hammond Life Insurance Company et. al. v. The State of Texas, Tex.Civ.App., 299 S.W.2d 163, writ ref., n. r. e.

■ With respect to Lumbermen's motion to supersede the judgment, we are of the opinion that the judgment of the District Court was one which may be suspended

within five (5) years next preceding such investment * * *"

pending the appeal by the filing of a supersedeas bond, Rule 364, 368, Tex. Rules of Civil Procedure. This point is well settled in Texas. See Houtchens v. Mercer, 1930, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326. While these cases dealt with former Articles 2270 and 2275, rules 364 and 368, cited above, were copied practically word for word from said articles and the reasoning relative to the construction given laws reenacted with the same language, set out above in this opinion, applies here.

While the denial of supersedeas on the part of the Trial Court was error, we believe that the sustaining of this point does not require a reversal of the order granting the receivership. Brown v. Faulk, Tex.Civ.App., 231 S.W.2d 743, no writ history. The entire record has been reviewed by this Court, we have approved the finding of the Trial Court that Lumbermen's is insolvent, that its liabilities exceeded its assets, and have approved the judgment of the Trial Court in placing the company in receivership, enjoining it from engaging further in the insurance business and cancelling its charter. In other words, at this stage of the proceedings, the question of supersedeas has become moot.

 We hold that the Trial Court correctly overruled Lumbermen's motion that the receiver be directed to pay an attorney's fee and the appeal costs. There is no specific statutory authority for the Court to grant attorney's fees as an expense in a receivership proceeding such as this and we have not been able to find any cases on this point in Texas. We adopt the general rule in other States that where an application has been made for the appointment of a receiver for a corporation, attorney's fees as expenses in resisting such application, if made in good faith and upon reasonable grounds, may become a valid claim against the receiver. Whether such attorney's fees and expenses are to be allowed rests in the sound discretion of the Court, in view of all

the facts and circumstances. See Annotation in 89 A.L.R. 1531, and the cases cited therein.

 We hold that attorney's fees and other expenses of litigation are claims against the receiver and as such should be dealt with as any other claims under Article 21.28, Sec. 3 of the Insurance Code.

Affirmed.