**GENERAL TELEPHONE COMPANY OF the SOUTHWEST, Relator,**

**v.**

**Judge Spencer CARVER et al., Respondents.**

**No. 17856.**

Court of Civil Appeals of Texas, Dallas.

Nov. 30, 1971.

Wayne O. Woodruff, Nicholas C. Taylor, Peter A. Franklin, III, of Locke, Purnell, Boren, Laney & Neely, Dallas, for relator.

Earl Luna, Dallas, for respondents.

CLAUDE WILLIAMS, Chief Justice.

General Telephone Company of the Southwest brings this original proceeding in which it requests us to issue a writ of mandamus directing that the Honorable Spencer Carver, Judge of the 191st Judicial District Court of Dallas County, Texas, fix the amount of a supersedeas bond to supersede the judgment in Cause No. 71–6746–J styled The City of Garland, Texas versus General Telephone Company of the Southwest. The judgment contained a permanent injunction in favor of the City of Garland restraining General Telephone Company of the Southwest from denying service or terminating subscription of telephone subscribers within the City of Garland for unwillingness to pay or nonpayment of "metro rates" in excess of certain designated amounts. It also declared certain rights between the parties and denied to the telephone company recovery of monetary claims asserted by it. Thereafter Relator filed its notice of appeal and a motion to fix the amount of supersedeas and cost bonds. At a hearing on Relator's motion the trial court refused to designate an amount of supersedeas bond and now Relator asks us to require the judge to perform this ministerial act.

■ Our right to grant a writ of mandamus to require the trial judge to set the supersedeas bond in an appropriate case is well established in law. Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103 (1930); Bagley v. Lindsey, 417 S.W.2d 880 (Tex.Civ.App., Texarkana 1967); Alvarez v. Laughlin, 362 S.W.2d 915 (Tex.Civ.App., San Antonio 1962); Koscot Interplanetary, Inc. v. Blackwell, 446 S.W.2d 364 (Tex.Civ.App., Austin 1969); Article 1823, Vernon's Ann.Civ.St. of Texas; and 37 Tex.Jur.2d, "Mandamus", § 57.

■ Relator's right to supersedeas is governed by Rule 364(e), Vernon's Texas Rules of Civil Procedure, which provides that where judgment "is for other than money or property or foreclosure" the bond shall be in such amount to be fixed by the court as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal. Pursuant to this rule the trial court has no discretion to refuse to grant a supersedeas bond and may be compelled to do so. Ex Parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371 (1941); Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031 (Tex.Comm'n App. 1930, opinion adopted); Bagley v. Lindsey, 417 S.W.2d 880 (Tex.Civ.App., Texarkana 1967); Amalgamated Transit Union, Local Division 1338 v. Dallas Public Transit Board, 430 S.W.2d 107 (Tex.Civ.App., Dallas 1968, writ ref'd n. r. e., cert. denied 396 U.S. 838, 90 S.Ct. 99, 24 L.Ed.2d 89 (1969)).

Judge Carver was in error in refusing to fix the amount of the supersedeas bond in this case. He is therefore directed to promptly perform this ministerial duty.

■ Respondents, in their answer, say that in the event we do grant mandamus in this case then they ask us to issue a writ of injunction containing the same restrictions and prohibitions as are contained in the trial court's writ of injunction. We deny Respondents' claim for injunctive relief. When the amount of the supersedeas bond has been fixed and same executed by Relator such will have the effect of protecting the city pending final outcome of this case on appeal. We find nothing in this record indicating that a temporary injunction issued by this court is necessary to preserve the subject matter of the suit or to protect our jurisdiction.

This court confidently expects that the trial judge will act promptly in harmony with directions of this court and will proceed at once to fix the amount of the supersedeas bond. For that reason a formal writ of mandamus will not issue at this time. To expedite review of this court's action, if review is sought, motion for rehearing will not be entertained.

Motion for mandamus granted.