## MAYHEW v. POWER, Judge.

### No. 13679.

Court of Civil Appeals of Texas. Fort Worth.

April 9, 1937.

W. H. Tolbert, of Fort Worth, for relator.

Will R. Parker, Cr. Dist. Atty., and Cecil Rotsch, Asst. Cr. Dist. Atty., both of Fort Worth, William McCraw, Atty. Gen., Vernon Coe, Asst. Atty. Gen., and Leon O. Moses, Asst. Atty. Gen., for respondent.

SPEER, Justice.

This is an action for mandamus by Victor Mayhew, hereinafter referred to as relator, against Hon. A. J. Power, Judge of the Ninety-Sixth district court of Tarrant county, hereinafter referred to as respondent.

Relator is engaged in the sale of beer and wine in the city of Fort Worth, Tarrant county, Tex., under a permit issued to him by the county judge of Tarrant county, Tex., and the tax collector of said county and state, dated January 8, 1937, and expiring January 7, 1938.

The relator filed an appeal from the act of the board in canceling his permit, in the Ninety-Sixth district court of Tarrant county, Tex., and the respondent is judge of said court. Relator applied for and procured a temporary restraining order against the board from interfering with or molesting him in his business until said cause could be heard on its merits. Hearing was set in respondent's court for March 5, 1937, at which time relator and the Texas Liquor Control Board appeared and the case was tried to the court. Judgment was entered dissolving the temporary restraining order theretofore entered and sustaining the action of the board in canceling relator's permit. Motion for new trial was presented and overruled; the relator excepted and gave notice of appeal in due form.

Within the time allowed for appeals, relator filed a motion requesting respondent to fix the amount for a supersedeas bond, stating therein that he desired to suspend the judgment of the court pending the appeal therefrom. The respondent overruled the motion and declined to fix an amount for a supersedeas bond, and refused to allow relator to enter into a supersedeas bond in said cause.

After the court's denial of relator's motion to fix an amount for a supersedeas bond, the appeal to this court was perfected by the customary appeal bond, and perhaps will reach us in due time for review.

The application now before us is one to require respondent to fix the amount for a supersedeas bond, with a view to filing such in the trial court to suspend the judgment of that court pending the appeal.

As we have shown, the judgment of the district court sustained the former action of the Texas Liquor Control Board, and canceled relator's permit to sell beer and wine. Ancillary to the trial of that issue, the court had issued a restraining order against interference with relator's business until such time as the matter could be heard on its merits, when upon the final hearing it was found that the permit should have been cancelled. The court properly dissolved the original restraining order. The appeal, as we understand it, is from the dominant issue in the case, namely, the judgment cancelling relator's permit to sell beverages.

There can be no question but that the judgment of the district court was a final one in so far as its jurisdiction is concerned. Both parties have injected into their respective briefs the question of the right of relator to appeal from the judgment of the district court in this case. The relator contends that he had the right, and respondent denies it. It would appear, upon first thought, that we would have to determine this question to arrive at a conclusion on one phase of the application before us. In the view we take of the question, we find it unnecessary to determine whether or not the case is appealable and we express no opinion on that matter at this time.

The relator here seeks to suspend the effect of the judgment of the district court canceling his permit, pending the appeal. He insists that it is such a final judgment as may be stayed and superseded in the manner provided by law.

Article 2270, Rev.Civ.Statutes, provides for the suspension of execution of a judgment of the county and district courts by the filing of a bond in the amount and conditioned as therein set out, and article 2275 provides that upon the filing of such a bond the appeal shall be held to be perfected, and the execution of the judgment shall be stayed.

■ The effect of supersedeas holds the judgment in abeyance and stays execution until the appeal is finally decided. In other words, it prevents or suspends the enforcement of the judgment and the execution of process issued thereon. 3 Tex.Jur. p. 387, § 276.

■ We are cited by relator to the case of Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A.L.R. 1103, for authority that all final judgments of the county and district courts may, pending appeal, be superseded in the manner prescribed by article 2270. Several subsequent decisions to the same effect are cited, some of which are determinative of appeals from actions involving injunctions alone. There can be no serious contention made but that these cases set at rest the rule discussed therein.

We do not believe, however, that the question before us is similar to the rule announced by our Supreme Court in the Houtchens Case and those subsequently decided upon the same point.

■ Since the repeal of national prohibition, the Legislature has undertaken to enact laws regulating the sale of intoxicating liquors, and for a rigid enforcement of these regulations. In a construction by us of these legislative acts, we may take into consideration existing conditions prior to the legislation and the intention of the lawmakers as is fairly disclosed by the language used in the bill. In this connection, we think it pertinent to here quote certain articles of Vernon's Annotated Penal Code which go to make up what is known as the Liquor Control Act. They are:

Article 666—2: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

Article 666—5 creates the "Texas Liquor Control Board" and provides the qualifications and duties of its members with reference to the control of the sale of intoxicating liquors in this state. Among other things it may (article 666—6) "grant, refuse, suspend, or cancel permits for the purchase, transportation, importation, sale or manufacture of liquor or other permits in regard thereto."

Article 666—12 sets out grounds upon which permits may be canceled by the board, and further provides: "In the event of resort to any Court from an order of cancellation or suspension in whatever form the proceedings may be brought, it shall in no wise act as a supersedeas of the order of cancellation or suspension. The permit so cancelled or suspended shall stand cancelled or suspended pending the final disposition of the proceedings as hereinafter conditioned."

Article 666—13: "Any permit granted under this Act shall be a purely personal privilege, good for the year in which issued, and ending on August 31st of each year at 12 o'clock midnight, and revocable for the causes herein stated, subject to appeal as hereinafter provided, and shall not constitute property, nor shall it be subject to attachment or execution, nor shall it descend by the laws of testate or intestate devolution, but shall cease upon the death of the permittee."

Article 666—14 reads in part: "And in the event of any person being aggrieved by any decision, rule, or order of the Board, such person shall have the right of an appeal therefrom to the District

Court of the County in which a decision, rule, or order in such case would become effective, said suit to be against the Board alone as defendant, and such suit shall be tried de novo, and be governed by the same rules as other suits in said Court, and during the pendency of such suit the order of the Board may be suspended by interlocutory order of the Court pending a hearing on the merits."

We may safely assume the Legislature was familiar with the provisions of article 2270, which provides for superseding all judgments of the county and district courts in civil cases from which appeals are prosecuted, and that, with this in mind, passed the Liquor Control Act (Vernon's Ann. P.C. art. 666—1 et seq.) on that special subject, and intended by the language used to provide against superseding judgments rendered in cases involving the act by the means stipulated in article 2270; but in lieu provided the only manner by which the order of the board may be stayed, namely, by an interlocutory order of the district court pending a hearing on the merits in that court.

■ By the language of the act, it is clear to us that the Legislature intended to pass laws with reference to the liquor traffic which would be effective in its regulation, and the same act which made it possible for a person to obtain a permit to engage in the business, provided for a means of withdrawing or cancelling such a permit. It also provides for an appeal from the order of the board to a district court. It was as evident to the Legislature when the act was passed, as it is to the relator and respondent here, that since the permit is only of one year's duration, if the cancellation order could be superseded by bond or otherwise, pending long drawn out litigation, the provision for cancellation of a permit could be made ineffective. By the giving of a supersedeas bond a permittee could get indentically the same result, in so far as his right to continue business is concerned, as he could obtain at the end of a successful contest. In construing a statute it is our duty, if consistent with the language used, to place such an interpretation thereon as will give it effect rather than to nullify it. Eppstein v. State, 105 Tex. 35, 143 S.W. 144. Likewise, even if the act is susceptible to any other interpretation than that indicated above, it becomes our duty to construe it in a manner that it can be enforced. We

must ascertain, if we can, the intention of the Legislature as expressed in the act, and not place such a construction thereon as will lead to an absurdity or thwart the purpose of the Legislature. Davis v. Estes (Tex.Com.App.) 44 S.W.(2d) 952; Railroad Comm. v. Texas & N. O. Ry. Co. (Tex. Civ.App.) 42 S.W.(2d) 1091, writ refused; Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037; Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070; Wintermann v. McDonald, Land Com'r (Tex.Sup.) 102 S.W.(2d) 167. The Legislature realized the tremendous task undertaken when it sought to enact laws regulating the sale of liquors in this state and specially provided in the first paragraph of the act (Vernon's Ann.P.C. art. 666—2) an admonition to the courts that the law should be liberally construed to accomplish the purposes for which it was passed; the legislative intent is so clear to us that we feel that a liberal construction is not required to reach the conclusion herein expressed by us. That part of article 666—12, above quoted, wherein it is provided that the order of the board should not be suspended during the hearing in the district court except by an interlocutory order of the court to which the appeal is taken, indicates the intent to keep the suspending order effective unless stayed by the means provided, but it does not stop there; it emphasizes that intention by saying: "The permit so cancelled or suspended shall stand cancelled or suspended pending the final disposition of the proceedings."

We do not believe the conclusions reached by us are in conflict with the rule laid down in the Houtchens Case. There a judgment of the court suspending the license of an attorney at law was involved. There is no special act of procedure prescribed by law in such cases; therefore the general provisions set out in article 2270, relating to superseding judgments, control. In the instant case it is different, as we have shown. The question before us is not unlike that discussed by the Dallas Court of Civil Appeals in the case of Oak Downs, Inc., v. Watkins, 85 S.W. (2d) 1100, 1101. In that case relator had been enjoined from operating its place of business established for dog racing, and on appeal applied to the Court of Civil Appeals for a writ of mandamus to require the respondent to fix an amount for a supersedeas bond, and sought to invoke the provisions of article 2270; the court denied the application and said in part: "Learned

counsel for relators have filed a very able argument, earnestly insisting that it was the duty of the trial court to fix a supersedeas bond, and specially rely on Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A.L.R. 1103, and Shell Petroleum Corp. et al. v. Grays et al., 122 Tex. 491, 62 S.W.(2d) 113. These decisions, in our opinion, do not apply, because the appeal of such cases was controlled by the provisions of said chapter 12, title 42. The Houtchens Case was an appeal from a final judgment in the district court. That portion of the Shell Petroleum Corporation Case, on which counsel relies, deals with the appointment of a temporary receiver, and neither case is controlled, in any way, by the provisions of article 4662, title 76."

The Liquor Control Act is a special law pertaining to that subject, and when litigation is had which involves matters covered by it, the provisions of law relating to the special subject will prevail over general laws promulgated to cover general subjects. In discussing this point involved in a case relating to forcible entry and detainer, reported in Rose v. Skiles (Tex.Civ.App.) 245 S.W. 127, 128, the court said: "Articles 3962 and 3963 being special statutes dealing exclusively with forcible entry and detainer cases, must prevail over article 2078 [now 2249], which is a general statute, and applies to appeals generally. Where the legislative body makes provision for all cases generally, and the same or another act of the Legislature contains a special statute governing a particular class of cases, the special statute must, as to the particular class of cases, prevail over the general act. Perez v. Perez, 59 Tex. 322; Austin v. Cahill, 99 Tex. 172, 88 S.W. 542, 89 S.W. 552; Callaghan v. McGown (Tex.Civ.App.) 90 S.W. 319."

Relator anticipates and answers the question of what protection would the state and society have through a supersedeas bond if it should be finally determined that the permit was rightfully canceled? He says this is by no means a one-sided question. He earnestly insists that he is appealing from the judgment of the district court with the honest belief that the case will be reversed, and counters with the proposition that if he is denied the relief sought in this application, and the case should be finally reversed, he has been deprived of a valuable right to make a profit by the sale of beer and wines, pending the appeal. We are not unmindful of individual rights and personal privileges, but if one's privilege conflicts with public rights, the former must give way. There can be no ground for balancing injuries as between a person on the one hand and the entire public on the other. This contention is discussed in Ford v. State (Tex. Civ.App.) 209 S.W. 490, and we indorse what is there said.

For the reasons set out, we hold article 2270 does not apply in this case, but the rights of the parties are controlled by the provisions of the Liquor Control Act, and by its terms the judgment of the court cancelling relator's permit cannot be superseded by the bond provided by law in general cases, and for this reason the application is denied.