Appellants contend that to allow one the cash value of wages and at the same time the cash value of his diminished earning capacity for one and the same period of time clearly allows a double recovery. No reversible error is presented by this proposition. The evidence was clear in showing that plaintiff had lost all of his wages or time for approximately four months; and the court limited the inquiry in its instruction to wages lost not to exceed four months. The evidence also showed that appellee had a considerably diminished earning capacity after he again started to work, which was confined to a specific date, and which continued until the case was tried in the court below. Appellants did not object to the instruction, nor point out the error complained of in order to give the trial court an opportunity to correct same prior to its submission to the jury. Nor do appellants complain that the verdict was excessive. So, if it be assumed that the charge was erroneous, it will be regarded as waived, or as harmless.

We find no error in the judgment of the trial court, and it will be affirmed.

Affirmed.

Sam Spence and Mike Anglin, both of Wichita Falls, for appellant.

Ned McDaniel, Co. Atty., of Wichita Falls, Wm. McCraw, Atty. Gen., and Vernon Coe, Asst. Atty. Gen., for appellee.

BROWN, Justice.

We doubt that, under the provisions of the Liquor Law, there is any right of appeal after a trial on the merits in the district court; we are convinced that the right to supersede the judgment of the district court, after a liquor permit is canceled, is denied by the Liquor Act (Vernon's Ann.P.C. art. 666—1 et seq.). Victor Mayhew v. A. J. Power, District Judge, decided by this court April 9, 1937, and reported in 104 S.W.(2d) 642.

Appellee's motion is granted, and the order of the trial court granting appellant a supersedeas, together with the supersedeas bond, are set aside and held for naught.

### BACON v. TEXAS LIQUOR CONTROL BOARD.

No. 13701.

Court of Civil Appeals of Texas. Fort Worth.

June 4, 1937.

### GREBE v. FIRST STATE BANK OF BISHOP.

No. 10062.

Court of Civil Appeals of Texas. San Antonio.

May 26, 1937.

Rehearing Denied June 16, 1937.

