## HALLUM v. TEXAS LIQUOR CONTROL BOARD.

### No. 13383.

Court of Civil Appeals of Texas. Dallas.
Oct. 23, 1942.

Rehearing Denied Nov. 20, 1942.

Carlton, Martin & Street, of Dallas, for appellant.

Gerald C. Mann, Atty. Gen., and Owen D. Cox, W. P. Watts, R. D. Moorhead, Edgar Pfeil, and George W. Barcus, Asst. Attys. Gen., for appellee.

LOONEY, Justice.

The Texas Liquor Control Board canceled the wine and beer retailer's permit held by E. P. Hallum, on the sole ground that his place of business was located within 300 feet of the Seventh Day Adventist

Church in the City of Dallas. Hallum appealed to the district court and, pending appeal, the Judge suspended the order of cancellation; but, after a full hearing, dissolved the temporary suspension and in all respects upheld and affirmed the action of the Board; from which, Hallum appealed to this Court, and was permitted by the trial court, over the objection of the Board, to suspend the judgment pending the appeal.

The first question presented relates to the action of the court in permitting appellant to suspend the judgment by filing a supersedeas bond. Subdivision d of Article 666—14 of the Penal Code, Vernon's Ann.P.C., provides that "The order, decision or ruling of the Board or Administrator may be suspended or modified by the District Court pending a trial on the merits, but the final judgment of the District Court shall not be modified or suspended pending appeal." The above provision of the liquor control law is a part of the revision adopted in 1937, of the original liquor control law enacted in 1935. As will be observed, the Act provides explicitly that the final judgment of the district court "shall not be modified or suspended pending appeal." In this respect, the original Act of 1935 (Art. 666—12 to 666—14, P.C.) had the identical meaning as was held by the Fort Worth Court of Civil Appeals in Mayhew v. Power, 104 S.W.2d 642, and in Bacon v. Texas Liquor Control Board, 106 S.W.2d 382. In the Mayhew-Power case, among other things, the court said: "The Liquor Control Act is a special law pertaining to that subject, and when litigation is had which involves matters covered by it, the provisions of law relating to the special subject will prevail over general laws promulgated to cover general subjects. * * * Where the legislative body makes provision for all cases generally, and the same or another act of the Legislature contains a special statute governing a particular class of cases, the special statute must, as to the particular class of cases, prevail over the general act. Perez v. Perez, 59 Tex. 322; [City of] Austin v. Cahill, 99 Tex. 172, 88 S.W. 542, 89 S.W. 552; Callaghan v. McGown, Tex.Civ.App., 90 S.W. 319." [104 S.W.2d 646.] In the case of Ex parte Kimbrough, 135 Tex. 624, 146 S. W.2d 371, that arose after the revision of the law in 1937, the Supreme Court, in an opinion by Chief Justice Alexander, recognized that, in a case such as the one at bar, the appellant would not have the right to suspend the judgment of forfeiture pending the appeal.

It is contended however, that Rule 364, adopted by the Supreme Court under its rule-making power, repealed Arts. 2270 and 2271, R.C.S., stating the general rule, and all special subject acts relative to superseding judgments pending an appeal, and that this idea is reinforced by Supreme Court Rule No. 819; hence the trial court did not err in permitting appellant to suspend the judgment of forfeiture pending appeal.

■ It is obvious, we think, that Supreme Court Rule 364 is but a restatement of the general rule, under which a litigant is allowed to suspend a judgment pending appeal, formerly provided in Arts. 2270 and 2271, as interpreted by the courts; but nowhere did the Supreme Court attempt to repeal, disturb or, in any sense, modify special acts that created exceptions to the general rule; obviously intending to continue same as rules of court in accordance with their provisions.

Rule 819, by the Supreme Court, reads: "All procedure prescribed by statutes of the State of Texas not specifically listed in the accompanied enumeration of repealed articles shall, insofar as the same is not inconsistent with the provisions of these rules, continue in accordance with the provisions of such statutes as rules of court. In case of inconsistency between the provisions of these rules and any statutory procedure not specifically listed as repealed, these rules shall apply." Section 3 of Chapter 25, Acts of the 46th Legislature, Vernon's Ann.Civ.St. art. 1731a, § 3, conferring rule-making power upon the Supreme Court, provides that the court shall file with the Secretary of State a list of all articles and sections of such general laws which, in its judgment, are repealed by the Rules as adopted by it; and further, that its action "shall constitute, and have the same weight and effect, as any other decision of the Supreme Court."

■ In the list of statutes repealed by the Rules, the Supreme Court makes no reference whatever to Art. 666 of the Penal Code, or any of its subdivisions. It is obvious therefore, that, if Art. 666—14 of the Penal Code was repealed by the Supreme Court, it must have been by implication. We do not think there existed any inconsistency. Rule 364 is a general provision for the suspension of judgments by the exe-

cution of a supersedeas bond, whilst Art. 666—14 of the Penal Code relates to a particular class, and although these Acts are on the same general subject, each has a different object; and as heretofore recognized by the adjudicated cases, they are neither inconsistent nor conflicting.

In 59 C.J. 1057, § 623(d), the rule is thus stated: "It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. * * * and where the general act is later, the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication."

So, we conclude that Subd. d of Art. 666—14 of the Penal Code is still in effect and controlling, hence the court erred in permitting appellant to supersede the judgment, pending appeal, and the supersedeas bond is hereby quashed.

Is the judgment of the trial court, upholding the decision of the Liquor Control Board, sustained under the rule prescribed by statute for the measurement of distances as applied to the facts? The facts, in short, are these: The Church in question, facing north, is located on the south side of Live Oak Street and on the west side of Liberty Street, and appellant's place of business, facing south, is located on the north side of Live Oak Street and on the east side of Liberty. Live Oak Street runs east and west and Liberty runs north and south and intersect between the Church and appellant's place of business.

The City Council of the City of Dallas, as authorized by Article 666—25a of the Penal Code, passed an ordinance prohibiting the issuance of a license or permit to any dealer or person engaged in handling liquors (described in the Texas Liquor Control Act), where the place of business of such dealer is within 300 feet of any church, etc. The statute provides for "the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur." In reaching the front door of the Church from the front door of appellant's place of business, and vice versa, necessarily, the intersection of these streets would be encountered.

It is conceded that, beginning at the front door of the Church, thence to the south line of Live Oak Street; thence east with said line, passing the southwest corner of the intersection and on across Liberty Street to the southeast corner of the intersection; thence north with the east line of Liberty Street, also the east side of the intersection, to the northeast corner thereof; thence east with the north line of Live Oak Street to a point opposite the front door of appellant's place of business; thence north to said door, the distance is 304.9 ft. The above method of measurement is the basis of appellant's contention that his place of business is located more than 300 feet from the Church.

It is also conceded that, if the measurement first mentioned is pursued to the southwest corner of the intersection, thence northeast "in a direct line across the intersection" to its northeast corner, thence east with the south line of Live Oak Street to a point opposite the front door of appellant's place of business; thence north in a direct line to the door, the distance is 276 feet. The latter measurement represents the contention of appellee.

We are of opinion that the latter measurement is in accordance with the rule prescribed by statute. The measurement contended for by appellant ignores completely the requirement that where, as in the instant case, an intersection of streets is encountered, it shall be across by a direct line. Instead of following the two sides of the angle created by the intersection, we think the hypotenuse should be measured. The general rule of measurement relating to territory within which a saloon may operate is well stated in a note in 96 A.L.R. p. 778, as follows: "The proposition appears to be established as a rule of law that, except as may be otherwise specifically provided, the distance contemplated by a statute or regulation prohibiting the granting of a license for the sale of intoxicating liquors, or traffic therein, within a certain distance of a named institution or place (e. g., church * * *), must be measured in a straight line, rather than in some other manner, such as by the usually traveled route or the street lines."

Therefore, we are of opinion that the judgment of the trial court was correct and the same is affirmed; but disagree with the order of court permitting appellant to suspend the operation of the judgment by

the execution of a supersedeas bond, and reverse the same.

Affirmed in part, and in part reversed.