## TEXAS LIQUOR CONTROL BOARD v. ABOGADO.

### No. 4318.

Court of Civil Appeals of Texas. El Paso.
April 22, 1943.

Gerald C. Mann, Atty. Gen., W. P. Watts, George W. Barcus, and R. Dean Moorhead, Asst. Attys. Gen., and Ernest Guinn, Co. Atty., of El Paso, for appellant.

Fryer & Milstead, of El Paso, on the record (no brief filed), for appellee.

PRICE, Chief Justice.

This is an appeal from an order of the District Judge on an appeal from an order of the County Judge of El Paso County denying appellee Martin Abogado a wine and beer retailer's license or permit. The authority for attack in the District Court on the order of the County Judge denying a retail dealer's application is to be found in Sec. 6 of Art. 667, Vernon's Annotated Penal Code. It is there provided: "In the event the County Judge, Texas Liquor Control Board or Administrator denies the application for a license, he shall enter his judgment accordingly, and the applicant may within thirty (30) days thereafter appeal to the District Court of the county where such application is made, and such District Court may hear and determine such appeal in termtime or vacation in a trial de novo." Under this section it is provided that the judgment of the district court shall be final. If the application is granted a certified copy of the judgment shall be presented to the assessor and collector of taxes, who shall thereupon accept the fee and make report to the Board.

It is clear from this section of the Article that the action of the county judge in granting an application is not final. The Board has the power and duty to thereafter determine for itself whether or not the permit or license be granted. If the county judge refuses the application, the applicant has a right to appeal to the district court. The order of the district judge is, by the terms of the law, final. If the district judge refuses the application, the applicant is without remedy. If he grants it, the applicant then, on proper showing, has a right to pay the lawful taxes and apply to the Board for a license.

In our opinion unless the applicant obtained an order from the county judge,

or, if refused by the county judge, from the district judge, approving his license, the Board is without power to grant him a license.

A hearing before the county judge is provided for by Sec. 6 of Art. 667. Before this hearing may take place, notice of the application must be posted. By the terms of the section of the Article in question, any citizen may contest the facts stated in the petition and the applicant's right to secure the license, provided he gives security for costs. Where an officer of a county or any incorporated city or town contests the application, no bond is required of such officer.

It is to be noted that there is no provision for the Texas Liquor Board, or any officer or employee thereof, to contest the application in the county court. Indeed, we think it would be an anomaly did the law so provide.

The real issue in this administrative proceeding is, whether or not the applicant be accorded the privilege of applying to the Board for a retail dealer's license.

Whether in this proceeding the Board or some employee thereof attempted to appear before the County Judge to protest the granting of the permit does not appear. In the judgment of the District Court it is recited that "John Mays, Deputy Supervisor of the Texas Liquor Board, in person and with the County Attorney, appeared". No written protest against the granting of the license appears in the transcript, and we presume there was none.

█ It is fundamental, we take it, regardless of whether the proceeding be administrative or judicial, where an appeal is allowed, that the power of the reviewing body is confined to the issues before the body, the order of which is reviewed. This is especially true, we think, where the statute conferring the power of the review does not give the reviewing authority broader powers.

█ If we are correct in the above, we think it follows that before the District Judge was the same issue as was before the County Judge. That issue was, whether or not appellee was entitled to apply to the Texas Liquor Board for a retail dealer's license. Further, that the judgment of the District Court that he was entitled to such license had no greater effect under the statute than the judgment of the County Judge would have had had that function-

ary granted the application. It is clear, we think, had the County Judge granted the application there would have been no one who had the right to appeal therefrom.

█ The Article we have under consideration gives no one authority to appeal from an order of the district judge granting an application,—or refusing one, for that matter. This is a special statutory proceeding, and unless the right of an appeal is given, same does not exist, because the law provides that the judgment of the district court or judge is final.

█ We are not unmindful that the section in question purports to give the right of appeal from the action of the county judge, Texas Liquor Control Board, or Administrator, in denying a retail liquor dealer's license. But here the Texas Liquor Control Board has not denied the application—it has not passed on same.

█ Sec. 14 of Art. 666 does provide for an appeal to the district court from an order of the Board or Administrator refusing, cancelling or suspending a permit. It seems to contemplate an appeal from the order of the district judge; in that it provides that the district court may suspend or modify the order of the Board pending a trial. But the final judgment of the district court shall not be modified or suspended pending appeal.

In a number of cases the Courts of Civil Appeals have exercised this jurisdiction: Texas Liquor Control Board v. Jones, Tex. Civ.App., 112 S.W.2d 227; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Bacon v. Texas Liquor Control Board, Tex.Civ.App., 106 S.W.2d 382; Texas Liquor Control Board v. Maceo, Tex.Civ.App., 147 S.W.2d 954. In one or more at least of the above cited cases the Supreme Court has dismissed the application for writ of error on the ground the judgment was correct.

█ There can be no question, we take it, of the jurisdiction of the Court of Civil Appeals in case of a judgment of the district court where the action assailed is as specified in Sec. 14 of Art. 666. This is not the case before us. As has been pointed out, the Board has never acted here. Again, as has been pointed out, the Texas Liquor Control Board or Administrator was never a party to the proceeding we have here. It would seem to follow that the judgment taxing cost against that body is absolutely void—void on its face. Oth-

erwise, the judgment is valid and subsisting and a final determination upon the subject matter brought before the district court or judge.

It is not within our province to determine the rights of the appellee thereunder or the duty of the Texas Liquor Board if and when the appellee presents his application for license to that body.

It is ordered that the appeal be in all things dismissed.

WALTHALL, J., not participating.