The PEPPERMINT LOUNGE, Appellant,

v.

TEXAS LIQUOR CONTROL BOARD, Appellee.

No. 7686.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 30, 1967.

Gillespie & McClendon, Lubbock, William J. Gillespie, Lubbock, of counsel, for appellant.

Waggoner Carr, Atty. Gen., Howard M. Fender, Douglas H. Chilton, Asst. Attys. Gen., Douglas H. Chilton, Austin, of counsel, for appellee.

NORTHCUTT, Justice.

This is an appeal from the judgment of the district court affirming an order of the

Texas Liquor Control Board suspending Peppermint Lounge's (a private club) permit for a period of ten days. On June 7, 1966, the Liquor Control Board issued its order suspending Peppermint Lounge's private club registration permit No. 42258. That order was appealed to the 137th District Court of Lubbock County, Texas. On June 28, 1966, a hearing was heard before Judge Ellis of the 137th District Court and judgment entered on June 30, 1966, affirming the action of the Texas Liquor Control Board. The judgment of the district court recited: "That said order of suspension by agreement of the counsel for the Texas Liquor Control Board and attorney for plaintiff shall be effective on July 11, 1966, and shall suspend said permit for a period of ten (10) days until July 21, 1966." No notice of appeal was given in the judgment. On July 7, 1966, Peppermint Lounge gave notice that it desired to appeal from the judgment entered on June 30, 1966. On the same date, July 7, 1966, Judge Davison, judge presiding, 137th District Court, Lubbock County, Texas, acting under Rule 330, Rules of Civil Procedure, entered an order fixing supersedeas bond and on the same date, July 7, 1966, supersedeas bond was given and approved. On July 13, 1966, two days after the suspension was to take effect Peppermint Lounge requested a transcript of the proceedings in the district court. Transcript was filed in this court on July 19, 1966. Hereafter Peppermint Lounge will be referred to as appellant and Texas Liquor Control Board as appellee.

The first question presented relates to the action of the court in permitting appellant to suspend the judgment by filing a supersedeas bond.

We are of the opinion, and so hold, that unless the supersedeas bond was permitted to be filed to suspend the judgment pending appeal, the bond herein would be void. The matters here involved concern regulations of private clubs as provided for under the terms of Article 666–15(e), Texas Penal Code. The Texas Liquor Control Board cancelled appellant's permit for a period of ten days. That order of suspension was taken to the district court where hearing was had and the suspension sustained. It is appellant's contention the trial court erred in applying the substantial evidence rule and placing the burden of proof upon it and there was insufficient evidence to suspend its permit and that the hearing was not a de novo proceeding. Subdivision 7a of Article 666–15(e) provides that the proceedings on appeal in the district court shall be de novo under the same rules as ordinary suits with the following exceptions which shall be considered literally; i. e., that the final judgment of the district court shall not be modified or suspended pending appeal. So far as we have found that subdivision has never been passed upon by our courts. However, an exact provision of Article 666–14(d) dealing with liquor permits and suspensions has been determined and we think is controlling here. In Hallum v. Texas Liquor Control Board, 166 S.W.2d 175 (Tex.Civ.App.-Dallas, 1942, writ ref'd) it was held the court erred in permitting appellant to supersede the judgment pending appeal and quashed the supersedeas bond. To the same effect is Stubbs v. Texas Liquor Control Board, 166 S.W.2d 178 (Tex.Civ.App.-Dallas, 1942, writ ref'd w. o. m.); Mayhew v. Power, 104 S.W.2d 642·(Tex.Civ.App.-Fort Worth, 1937); and Bacon v. Texas Liquor Control Board, 106 S.W.2d 382 (Tex.Civ.App.-Fort Worth, 1937). The ten days suspension, as provided for in the trial court's judgment, was in effect before the record was filed in this court, and the full ten days of suspension had expired two days after the record was filed here, and the full time of suspension had passed before we could consider the case.

For the reasons heretofore stated the supersedeas bond issued by appellant is quashed as the judgment of the court suspending appellant's permit cannot be superseded by a supersedeas bond, therefore this appeal is dismissed as moot.

Appeal dismissed.