OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 31, 2002

The Honorable Jeff Wentworth
Chair, Committee on Redistricting
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

The Honorable Edmund Kuempel
Chair, Committee on State Recreational
   Resources
Texas House of Representatives
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0569

Re: Consequences of the defeat of a ballot proposition confirming the creation of the Southeast Trinity Groundwater Conservation District, and related questions (RQ-0544-JC)

Dear Gentlemen:

In November 2001 voters in the Southeast Trinity Groundwater Conservation District (the "STGCD") defeated a ballot proposition confirming the STGCD's creation, although initial directors were elected to the STGCD's board. You ask several questions about the consequences of this election.[1] Before we lay out your questions, we will summarize some of the relevant laws and the facts.

The STGCD covers part, although not all, of Comal County and lies within the Hill Country Priority Groundwater Management Area. *See* Act of May 28, 1999, 76th Leg., R.S., ch. 1331, § 2(d), 1999 Tex. Gen. Laws 4536, 4538; *see also* 30 TEX. ADMIN. CODE §§ 294.30(2), .34 (2002) (Texas Commission on Environmental Quality, Definitions and Designation of Hill Country Priority Groundwater Management Area) (defining term "priority groundwater management area" and designating Hill Country Priority Groundwater Management Area). It was created by a 1999 enactment that also created twelve other groundwater conservation districts under article XVI, section 59 of the Texas Constitution. *See* Act of May 28, 1999, § 1(a)(11), (b), 1999 Tex. Gen. Laws at 4536. Although the 1999 legislation created the STGCD, it specified two additional steps in the district's establishment. First, the district must be ratified by the Seventy-seventh Legislature in 2001. *See id.* § 15, 1999 Tex. Gen. Laws at 4539. Second, after the district is ratified, its temporary

---

[1]Letter from Honorable Jeff Wentworth, Chair, Senate Committee on Redistricting, Texas State Senate, and Honorable Edmund Kuempel, Chair, House Committee on State Recreational Resources, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (May 2, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

directors, whom the 1999 Act directs the county commissioners court to appoint, *see id.* § 8(a), 1999 Tex. Gen. Laws at 4538, must "call and hold an election to confirm the district and to elect the initial directors." *Id.* § 10(a), 1999 Tex. Gen. Laws at 4539. If the majority of those who vote elect to confirm the district, the board of temporary directors must declare the winning, qualified initial directors and notify the Texas Commission on Environmental Quality ("TCEQ")[2] of the results of the initial directors' election. *See id.* § 10(c), 1999 Tex. Gen. Laws at 4539. If the ballot proposition establishing the district is not confirmed "before the fourth anniversary" of the 1999 Act's effective date, the district dissolves on that date, although the district must remain organized "until all debts are paid." *Id.* § 10(g), 1999 Tex. Gen. Laws at 4539.

In 2001 the Seventy-seventh Legislature enacted two laws ratifying the STGCD.[3] The later-enacted legislation, which was adopted on May 27, 2001 ("the May 27, 2001 Act"), relates generally to "the development and management of" the state's water resources and, among other things, ratifies several of the groundwater conservation districts created in 1999, including the STGCD. Act of May 27, 2001, caption, 2001 Tex. Gen. Laws at 1991. On the other hand, the earlier enacted legislation, which was adopted on May 25, 2001 ("the May 25, 2001 Act"), pertains solely to the STGCD, ratifying it and further defining the STGCD's "administration, powers, duties, operation, taxing authority, and financing." Act of May 25, 2001, caption, 2001 Tex. Gen. Laws at 3292.

In provisions relating specifically to the STGCD, the May 27, 2001 Act ratifies the STGCD, "a locally controlled groundwater district, to protect, recharge, and prevent" groundwater waste and "to control" water subsidence from "groundwater reservoirs." Act of May 27, 2001, § 3.1001, 2001 Tex. Gen. Laws at 2041. *Compare id.* § 3.1002, 2001 Tex. Gen. Laws at 2041 (ratifying STGCD's creation) *with* Act of May 25, 2001, § 1, 2001 Tex. Gen. Laws at 3292 (same). Except as provided by that portion of the May 27, 2001 Act that relates specifically to the STGCD, the May 27 Act grants the STGCD those "permitting and general management powers" that chapter 36 of the Water Code grants to a groundwater conservation district. *See* Act of May 27, 2001, § 3.1006(a), 2001 Tex. Gen. Laws at 2042; Act of May 28, 1999, § 5(a), 1999 Tex. Gen. Laws at 4538 (same); *cf.* Act of May 25, 2001, § 5, 2001 Tex. Gen. Laws at 3294 ("Except as otherwise provided by this Act, the [STGCD] has all of the rights, powers, privileges, authority, functions, and duties" state's general law provides, including Water Code chapter 36.). The STGCD is governed by a board of five directors, and, the May 27, 2001 Act notes, "[t]emporary directors have been appointed by [the] Comal County Commissioners Court." Act of May 27, 2001, § 3.1007(a)-(b), 2001 Tex. Gen. Laws at 2043; *cf.* Act of May 25, 2001, § 6(a)-(b), 2001 Tex. Gen. Laws at 3294. The temporary directors are to serve until "initial directors" are "elected at a confirmation election," and the initial directors

---

[2]Effective September 1, 2002, the name of the Texas Natural Resource Conservation Commission changed to the Texas Commission on Environmental Quality. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 965, § 18.01(a)(1), 2001 Tex. Gen. Laws 1933, 1985; "TNRCC is Now the TCEQ," *at* http://www.tceq.state.tx.us/163.234.20.106/AC/comm_exec/name_change2.html.

[3]*See* Act of May 27, 2001, 77th Leg., R.S., ch. 966, art. III, part 10, 2001 Tex. Gen. Laws 1991, 2041-45; Act of May 25, 2001, 77th Leg., R.S., ch. 1335, § 1, 2001 Tex. Gen. Laws 3292, 3292. We will refer to these two acts collectively as "the 2001 Acts."

serve "until permanent directors are elected" at a later date. Act of May 27, 2001, § 3.1007(b), (d), 2001 Tex. Gen. Laws at 2043; *cf.* Act of May 25, 2001, § 6(b), (d), 2001 Tex. Gen. Laws at 3294.

The 2001 Acts require the STGCD's temporary directors to call a confirmation election after September 1, 2001, to determine three issues: (1) to confirm the district's establishment; "(2) to elect five initial directors; and (3) to authorize the district to impose a tax." Act of May 27, 2001, § 3.1008(a), 2001 Tex. Gen. Laws at 2044; *accord* Act of May 25, 2001, § 8(a), 2001 Tex. Gen. Laws at 3295. The Comal County Commissioners Court must "pay the expenses of conducting the confirmation and initial directors election, subject to reimbursement" either from the district if the voters confirm the district's establishment or from available revenues, "including funds allocated under Section 36.160, Water Code, if" the district's establishment is defeated. Act of May 27, 2001, § 3.1008(f), 2001 Tex. Gen. Laws at 2044; *cf.* Act of May 25, 2001, § 8(f), 2001 Tex. Gen. Laws at 3296 (requiring Comal County Commissioners Court to pay election expenses, "subject to reimbursement from available revenues" if district's establishment is confirmed "or from funds allocated under Section 36.160, Water Code," if district's establishment is defeated). In the event the district's establishment is defeated, the May 27, 2001 Act permits the "temporary directors" to hold three subsequent elections to confirm the district's establishment:

> If the district is defeated, the temporary directors may call and hold subsequent elections to confirm establishment of the district. A subsequent election may not be held earlier than the first anniversary of the date on which the previous election was held. If the district has not been confirmed at an election held under this section before the fourth anniversary of the effective date of this part, the district is dissolved on that date, except that any debts incurred shall be paid and the organization of the district shall be maintained until all debts are paid.

Act of May 27, 2001, § 3.1008(g), 2001 Tex. Gen. Laws at 2044; *accord* Act of May 25, 2001, §§ 8(g), 15(b), 2001 Tex. Gen. Laws at 3296.

Chapter 36 of the Water Code pertains to groundwater conservation districts generally. *See* TEX. WATER CODE ANN. § 36.0015 (Vernon Supp. 2002). Section 36.017, which is particularly relevant to many of the issues you raise, requires a groundwater conservation district to dissolve immediately if the voters elect not to confirm the district's establishment:

> (f) If a majority of the votes cast at the election favor the creation of the district, the temporary board shall declare the district created and shall enter the result in its minutes.

> (g) If a majority of the votes cast at the election are against the creation of the district, the temporary board shall declare the district defeated and shall enter the result in its minutes. The temporary board shall continue operations in accordance with Subsection (h).

      (h) If the majority of the votes cast at the election are against the creation of the district, the district shall have no further authority, except that any debts incurred shall be paid and the organization of the district shall be maintained until all the debts are paid.

      (i) If a majority of the votes cast at the election are against the levy of a maintenance tax, the district shall set production fees to pay for the district's regulation of groundwater in the district, including fees based on the amount of water to be withdrawn from a well.

TEX. WATER CODE ANN. § 36.017(f)-(i) (Vernon Supp. 2002).

      You inform us that the STGCD held the required confirmation election in November 2001. *See* Request Letter, *supra* note 1, at 1. The voters rejected the proposition establishing the STGCD, as well as the proposition authorizing the district to impose a tax. *See id.* Nevertheless, the voters selected a slate of initial directors. *See id.* Based on the circumstances, you ask nine questions, which you group into three categories:

**I. Future election issues**

      1. Do the temporary directors or the initial directors elected in the November[] 2001 election call and hold subsequent elections?

      2. Even though doing so is not expressly authorized, may a proposition authorizing the district to impose a maintenance tax be included on the ballot in future confirmation elections?

      3. Is the county in which the district is located required to fund future confirmation elections if the district is unable to do so?

      4. Is the holding of future confirmation elections permissible or is it mandatory?

      5. Do elections have to be held in each of the three years after the initial election?

      6. May either the temporary directors or the initial directors dissolve the district immediately without holding future confirmation elections?

**II. Authority of district subsequent to confirmation election**

      1. What authority does the district have in the interim period between the recent defeat of the confirmation proposition in the November 2001 election and subsequent future confirmation elections that can be conducted in each of the next three years prior to the district's automatic dissolution in 2005?

        2. Do the temporary directors have the authority to dissolve the district prior to the district's automatic dissolution in the absence of a successful confirmation election?

### III. Creation by the Texas Natural Resources Conservation Commission ([TCEQ]) of a groundwater conservation district

        If the Southeast Trinity Groundwater District is dissolved immediately in response to the defeat of the proposition confirming the district at the confirmation election in November[] 2001, is the [TCEQ] required to establish a groundwater conservation district in Comal County on land that is included within the boundaries of the Hill Country Priority Groundwater Management Area?

Request Letter, *supra* note 1, at 3-5.

        With multiple legislative acts at issue, it is useful to articulate the appropriate rules governing conflicts between various statutes generally. Our primary goal is to harmonize all of the acts, so that each is fully effective. *See Ex parte Kuester*, 21 S.W.3d 264, 267 (Tex. Crim. App. 2000) (en banc). Where a later-enacted provision cannot be harmonized with an earlier-enacted provision, however, the later-enacted provision prevails. *See* TEX. GOV'T CODE ANN. § 312.014(a) (Vernon 1998) (directing us to construe irreconcilable statutes enacted at same legislative session so that later-enacted statute prevails); *cf. id.* § 311.025(a) (same pertaining to codes). Similarly, where a general provision cannot be harmonized with a specific provision, the specific provision prevails as an exception to the general provision. *See id.* § 311.026; *Sam Bassett Lumber Co. v. City of Houston*, 198 S.W.2d 879, 881 (Tex. 1947) (stating that specific act is properly regarded as exception to general law on same subject). A specific provision prevails over a conflicting general provision even if the specific provision was enacted earlier. *See Hallum v. Tex. Liquor Control Bd.*, 166 S.W.2d 175, 177 (Tex. Civ. App.–Dallas 1942, writ ref'd) (quoting 59 C.J. *Statutes* § 623(d), at 1057 (1932)); *accord Font v. Carr*, 867 S.W.2d 873, 881 (Tex. Civ. App.–Houston [1st Dist.] 1993, writ dism'd w.o.j.).

        For the purposes of the issues you raise, the provisions relating to the STGCD in the two 2001 Acts appear to be consistent. To the extent either of the 2001 Acts cannot be harmonized with the May 28, 1999 Act, a 2001 Act prevails. *See* TEX. GOV'T CODE ANN. § 312.014(a) (Vernon 1998) (directing us to construe irreconcilable statutes enacted at same legislative session so that later-enacted statute prevails); *cf. id.* § 311.025(a) (same pertaining to codes). Finally, the 1999 and 2001 Acts prevail over irreconcilable general provisions in chapter 35 or 36 of the Water Code. *See* Act of May 27, 2001, § 3.1012, 2001 Tex. Gen. Laws at 2045 (stating explicitly that May 27, 2001 Act prevails over Water Code chapter 36); TEX. WATER CODE ANN. § 36.052 (Vernon 2000) (stating that, with exception of some named sections of chapter 36, "a special law governing a specific district . . . prevail[s] over" chapter 36).

## I. Future election issues

You ask first whether it is the temporary directors or the newly elected initial directors who may call subsequent confirmation elections. *See* Request Letter, *supra* note 1, at 3. Chapter 36 of the Water Code does not apply to this issue; rather, the 1999 and 2001 Acts resolve the issue.

We conclude that subsequent elections may be called and held by the board of temporary directors, not the board of initial directors. The 2001 Acts expressly authorize temporary directors to "call and hold subsequent elections." Act of May 27, 2001, § 3.1008(g), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8(g), 2001 Tex. Gen. Law at 3296. Moreover, under the May 28, 1999 Act, the winners of the initial directors' election may be declared only if the district is confirmed at the election:

> (c) *If* the district is confirmed at the election, the temporary board of directors, at the time the vote is canvassed, shall:
>
> > (1) declare the qualified person who receives the most votes for each position to be elected as the initial director for that position; and
>
> > (2) include the results of the initial directors' election in the district's election report to the [TCEQ].

Act of May 28, 1999, § 10(c), 1999 Tex. Gen. Laws at 4539 (emphasis added). The 1999 Act alone provides for this procedural matter, and it therefore comports with the 2001 Acts and chapter 36 of the Water Code. *See Ex parte Kuester*, 21 S.W.3d at 267 (emphasizing importance of harmonizing legislation so that all is effective). Because the STGCD was not confirmed at the November 2001 election, the board of temporary directors lacks authority to declare the winning initial directors and to report the names to the TCEQ. Accordingly, the temporary directors continue in office, and until the STGCD is confirmed, only the board of temporary directors may call and hold a subsequent election.

You ask next whether "a proposition authorizing the [STGCD] to impose a maintenance tax [may] be included on the ballot in future confirmation elections." Request Letter, *supra* note 1, at 3.

We conclude that the board of temporary directors may not put the issue of a maintenance tax on the ballot in subsequent confirmation elections. The 2001 Acts specifically provide for the calling of subsequent elections only "to confirm" the STGCD's establishment. *See* Act of May 27, 2001, § 3.1008(g), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8(g), 2001 Tex. Gen. Laws at 3296; *cf.* Act of May 28, 1999, § 10(g), 1999 Tex. Gen. Laws at 4539 (stating that, if district's establishment has not been confirmed before fourth anniversary of 1999 Act's effective date, district is dissolved). By their terms, the 2001 Acts distinguish between the confirmation election and the

initial directors' election, and we believe that, by extension, they also distinguish a tax election. First, the relevant section is titled "Confirmation Election and Election of Initial Directors." Act of May 27, 2001, § 3.1008 title, 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8 title, 2001 Tex. Gen. Laws at 3295. *But see* TEX. GOV'T CODE ANN. § 311.024 (Vernon 1998) (stating that title does not limit or expand statute's meaning). Additionally, the section lists three separate propositions that may be included on the election ballot: (1) confirmation of the STGCD's establishment; (2) election of initial directors; and (3) authorization to impose a tax. *See* Act of May 27, 2001, § 3.1008(a), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8(a), 2001 Tex. Gen. Laws at 3295. Finally, subsection (a) of the relevant section lists as one of the propositions "to confirm establishment of the district," and subsection (g), which authorizes the board of temporary directors to call and hold subsequent elections uses identical language: "If the district is defeated, the temporary directors may call and hold subsequent elections *to confirm establishment of the district.*" Act of May 27, 2001, § 3.1008(a), (g), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8(a), (g), 2001 Tex. Gen. Laws at 3295 (emphasis added). While the 2001 Acts specifically require initial directors to be elected at the confirmation election, *see* Act of May 27, 2001, § 3.1007(d), 2001 Tex. Gen. Laws at 2043 (requiring initial directors to be elected at confirmation election); Act of May 25, 2001, § 6(d), 2001 Tex. Gen. Laws at 3294 (same), there is no similar requirement that the maintenance-tax option be on a confirmation-election ballot. Once the STGCD's creation is confirmed, it may conduct an election to levy taxes to pay the district's "maintenance and operating expenses." TEX. WATER CODE ANN. § 36.201(c) (Vernon 2000).

We conclude, in answer to your third question, that the county in which a district is located must "fund future confirmation elections if the district is unable to do so." Request Letter, *supra* note 1, at 3. The 2001 Acts explicitly require the Comal County Commissioners Court to pay the expenses of a confirmation election: "The Comal County Commissioners Court shall pay the expenses of conducting the confirmation and initial directors election." Act of May 27, 2001, § 3.1008(f), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8(f), 2001 Tex. Gen. Laws at 3296. If the district is confirmed, the STGCD may reimburse Comal County. *See* Act of May 27, 2001, § 3.1008(f), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 8(f), 2001 Tex. Gen. Laws at 3296.

In answer to your fourth question, we conclude that the board of temporary directors may call confirmation elections subsequent to the initial election, but it is not required to do so. The 2001 Acts use permissive, not mandatory, language. They provide that, if the STGCD is defeated, "the temporary directors *may* call and hold subsequent elections." Act of May 27, 2001, § 3.1008(g), 2001 Tex. Gen. Laws at 2044 (emphasis added); Act of May 25, 2001, § 8(g), 2001 Tex. Gen. Laws at 3296 (same); Act of May 28, 1999, § 10(g), 1999 Tex. Gen. Laws at 4539 (same). The term "may" generally denotes permission to perform a certain act, but it does not require that the act be done. *See* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 354, 354 (1987). Neither the 1999 Act nor chapter 36 of the Water Code apply to this issue because neither can be harmonized with the 2001 Acts, which prevail in the event of a conflict. The 1999 Act, which provides that a district will be dissolved if its "establishment . . . has not been confirmed," does not clearly permit the board of temporary directors to call and hold subsequent elections. *See* Act of May 28, 1999,

§ 10(g), 1999 Tex. Gen. Laws at 4539. Section 36.017 of the Water Code does not permit subsequent elections, but rather precludes the board of temporary directors to do anything but pay its debts. *See* TEX. WATER CODE ANN. § 36.017(g)-(h) (Vernon Supp. 2002).

In a related question, you ask whether the board of temporary directors must call and conduct a confirmation election in "each of the three years after the initial election." Request Letter, *supra* note 1, at 3. It need not. Under the 2001 Acts, if the STGCD's board of temporary directors chooses to call a confirmation election subsequent to an election in which the district's confirmation was defeated, the election may be conducted no sooner than one year after the immediately preceding election. *See* Act of May 27, 2001, § 3.1008(g), 2001 Tex. Gen. Laws at 2044; *accord* Act of May 25, 2001, § 8(g), 2001 Tex. Gen. Laws at 3296. The 2001 Acts do not, on the other hand, require the STGCD to hold a confirmation once each year for four years. For the reasons mentioned in answer to your previous question, the 1999 Act and section 36.017 of the Water Code do not apply.

Your final question in the "Future Election Issues" section is whether the board of temporary directors may dissolve the district immediately without holding future confirmation elections. *See* Request Letter, *supra* note 1, at 3. It may not. The board may exercise only those powers that the legislature has delegated to it, either expressly or implicitly. *See* Tex. Att'y Gen. Op. No. JC-0202 (2000) at 2 (stating that special purpose district may exercise only express or implied powers) (citing *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940)). "Implied powers are those that are 'indispensable' [to accomplishing the political subdivision's purposes]; powers 'merely convenient' or 'useful' cannot be implied," and the political subdivision may not assume them. *Id.* (quoting *Tri-City Fresh Water Supply Dist. No. 2*, 142 S.W.2d at 947). While the STGCD is not required to conduct any more confirmation elections before its automatic dissolution on September 1, 2005, nothing in the 1999 Act, either of the 2001 Acts, or chapter 36 of the Water Code authorizes the STGCD's board of temporary directors to dissolve the district in any circumstance.

## II. District's authority subsequent to confirmation election

Your next two questions focus upon the board's authority in light of the confirmation election's outcome. *See* Request Letter, *supra* note 1, at 4. The second question in this section appears to reiterate the question we have just answered: you ask whether the temporary directors may dissolve the district prior to the STGCD's "automatic dissolution in the absence of a successful confirmation election." *Id.* As we have stated, the STGCD's board of temporary directors lacks authority to dissolve the district. *See supra* at 8.

You also ask what authority the STGCD has "in the interim period between the" November 2001 confirmation election and subsequent "confirmation elections that can be conducted in each of the next three years prior to the district's automatic dissolution in 2005." Request Letter, *supra* note 1, at 4.

We conclude that the authority of the STGCD's current board is limited to that expressly granted by section 5 of the 1999 Act and section 36.206 of the Water Code. Only these two laws refer specifically to temporary directors' authority. Section 5 of the 1999 Act expressly permits the temporary directors to exercise some powers granted under chapter 36 of the Water Code, but withholds other chapter 36 powers:

> (a)  Except as provided by Subsections (c) and (d) of this section or otherwise by this Act, the temporary directors of a district have the same permitting and general management powers as those granted to initial and permanent directors under Chapter 36, Water Code.

> (b)  The temporary directors or their designees have the authority to enter any public or private property located within the district to inspect a water well as provided by Section 49.221, Water Code.

> (c)  The temporary directors do not have the authority granted by the following provisions of Chapter 36, Water Code:

>> (1)  Sections 36.017, 36.019, 36.020, and 36.059, relating to elections;

>> (2)  Sections 36.105, 36.1071, 36.1072, 36.1073, and 36.108, relating to eminent domain and management plans;

>> (3)  Sections 36.171-36.181, relating to bonds and notes;

>> (4)  Sections 36.201-36.204, relating to taxes; and

>> (5)  Sections 36.321-36.359, relating to annexation and consolidation.

> (d)  The temporary directors may regulate the transfer of groundwater out of the district as provided by Section 36.122, Water Code, but may not prohibit the transfer of groundwater out of the district.

Act of May 28, 1999, § 5, 1999 Tex. Gen. Laws at 4538. In addition, section 36.206 of the Water Code specifically authorizes a board of temporary directors to collect user fees:

> (a)  A temporary board may set user fees to pay for the creation and initial operation of a district, until such time as the district creation has been confirmed and a permanent board has been elected by a majority vote of the qualified voters voting in the district in an election called for those purposes.

(b) The rate of fees set for agricultural uses shall be no more than [twenty] percent of the rate applied to municipal uses.

(c) District fees may not be used to purchase groundwater rights unless the purchased rights are acquired for conservation purposes and are permanently held in trust not to be produced.

TEX. WATER CODE ANN. § 36.206 (Vernon Supp. 2002). No other provision in the 1999 Act, either of the 2001 Acts, or chapter 36 of the Water Code provides specific authority for temporary directors.

## III. TCEQ's creation of a groundwater conservation district

You ask last whether, "if the [STGCD] is dissolved immediately in response to" the electorate's vote not to confirm the district in November 2001, "the [TCEQ is] required to establish a groundwater conservation district in Comal County on land that is included within the boundaries of the Hill Country Priority Groundwater Management Area." Request Letter, *supra* note 1, at 5. We have concluded that the STGCD may not be dissolved immediately, and, accordingly, we do not answer your question. *See supra* at 8. Nonetheless, we note that section 35.012(b) of the Water Code does not appear to require the TCEQ to delay compliance until September 1, 2005. *See* TEX. WATER CODE ANN. §§ 35.012(b), 36.0151 (Vernon Supp. 2002); Act of May 27, 2001, § 3.1008(g), 2001 Tex. Gen. Laws at 2044; Act of May 25, 2001, § 15(b), 2001 Tex. Gen. Laws at 3297. Section 35.012(b) requires the TCEQ to create one or more groundwater conservation districts covering the territory of a priority groundwater management area within two years of the date the TCEQ designated the area. *See* TEX. WATER CODE ANN. § 35.012(b) (Vernon Supp. 2002).

## S U M M A R Y

Because the voters elected not to confirm the Southeast Trinity Groundwater Conservation District in November 2001, the initial directors elected at that election do not take office. Rather, the temporary directors continue in their positions, and subsequent confirmation elections may be called by the board of temporary directors.

A future confirmation election may not include a proposition to authorize the district to impose a maintenance tax. Comal County, the county in which the Southeast Trinity Groundwater Conservation District is located, must fund future confirmation elections if the district is unable to do so. The board of temporary directors is permitted, but not required, to call and hold a future confirmation election, and it is not required to hold such an election in each of the three years after the initial election in November 2001.

The temporary directors may not dissolve the district, whether or not the board calls and holds a future confirmation election. If the district has not been confirmed by September 1, 2005, it will dissolve by operation of law. The board of temporary directors has that authority set out in section 5 of the 1999 Act creating the district, *see* Act of May 28, 1999, 76th Leg., R.S., ch. 1331, § 5, 1999 Tex. Gen. Laws 4536, 4538, and section 36.206 of the Water Code, *see* TEX. WATER CODE ANN. § 36.206 (Vernon Supp. 2002).

Very truly yours,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee